MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, SBN 167223
barbara.miller@morganlewis.com
JENNIFER E. WHITE, SBN 166504
jennifer.white@morganlewis.com
S. SEAN KUNDU, SBN 252410
skundu@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendant
BEST BUY STORES, L.P.

FILED

2011 JUN 15 PM 2:43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CORTEZ on behalf of herself and others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>BEST BUY STORES, L.P; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:   **CV11-05053 JFW (PLAx)**<br><br>**DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE ~~NORTHERN~~ CENTRAL DISTRICT OF CALIFORNIA**<br><br>Class Action Fairness Act<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, 1453] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        **PLEASE TAKE NOTICE** that Defendant Best Buy Stores, L.P.

3    ("Defendant" or "Best Buy Stores"), a Minnesota limited partnership, hereby

4    removes this case from the Superior Court of the State of California for the County

5    of Los Angeles, to the United States District Court for the Central District of

6    California. This Court has jurisdiction over the action pursuant to the Class Action

7    Fairness Act of 2005 ("CAFA"). This removal is based on the following grounds:

8    **I.    SUMMARY OF COMPLAINT**

9        1.    This lawsuit is a civil action within the meaning of the Acts of

10   Congress relating to removal of causes. *See* 28 U.S.C. § 1453.

11       2.    On or about March 24, 2011, Plaintiff Elisa Cortez ("Plaintiff") filed

12   her Class Action Complaint ("Complaint") against Defendant in the Superior Court

13   of the State of California for the County of Los Angeles, entitled *Elisa Cortez v.*

14   *Best Buy Stores, L.P.* and designated Case No. BC457866. On April 29, 2011,

15   Plaintiff filed a First Amended Complaint ("FAC"). On May 5, 2011, Defendant

16   was served with by way of a Notice and Acknowledgment of Receipt through mail

17   service. On May 23, 2011, Defendant executed the Acknowledgment of Receipt

18   effectuating service of the Summons and FAC. Defendant filed its Answer to

19   Plaintiff's FAC on June 13, 2011. Attached hereto as **Exhibit 1** is a true and

20   correct copy of Plaintiff's Summons. Attached hereto as **Exhibit 2** is a true and

21   correct copy of Plaintiff's Complaint. Attached hereto as **Exhibit 3** is a true and

22   correct copy of Plaintiff's FAC. Attached hereto as **Exhibit 4** is a true and correct

23   copy of Notice and Acknowledgment of Receipt executed by Defendant. Attached

24   hereto as **Exhibit 5** is a true and correct copy of Defendant's Answer.

25       3.    Plaintiff purports to bring and maintain this action as a class action

26   under California Civil Procedure Code Section 382. FAC, ¶¶ 1-8, 26-35, **Ex. 3**.

27   Plaintiff seeks to represent the following class consisting of current and former

28   California employees: "All hourly store employees who are employed or have been

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

1

1  employed by Defendants in the State of California in District 61 at any time from

2  the four (4) years prior to the filing of this action to the present." FAC, ¶ 26, **Ex. 3**.

3        4.    Plaintiff's FAC is framed as a putative class action and seeks recovery

4  for purported wage and hour violations under California law. *See* FAC, ¶¶ 36-82,

5  **Ex. 3**. Therefore, this matter is a class action as that term is defined pursuant to 28

6  U.S.C. §§ 1332(d)(1)(B) and 1453.[1]  The proposed class includes more than 100

7  members. FAC, ¶ 29, **Ex. 3**.

8        5.    In her FAC, Plaintiff alleges that Defendant employed her and the

9  putative class members. Plaintiff's FAC seeks to recover damages, penalties,

10  equitable relief, and attorneys' fees on behalf of the proposed class for Defendant's:

11  (1) purported failure to pay wages and/or overtime; (2) purported failure to pay

12  minimum wage; (3) purported failure to provide meal periods; (4) purported failure

13  to authorize and permit rest periods; (5) purported failure to reimburse for business

14  expenses; (6) purported failure to provide accurate itemized wage statements;

15  (7) purported failure to timely pay final wages upon termination; (8) purported

16  unfair business acts in violation of California Business and Professions Code

17  Section 17200 *et. seq.*; and (9) purported violation of various provisions of the

18  Labor Code for which the recovery of penalties is permitted pursuant to California

19  Labor Code section 2699. *See* FAC, ¶¶ 36-82, **Ex. 3**.

20  **II.**    **THE REMOVAL IS TIMELY**

21        6.    Defendant has timely removed this action within thirty (30) days of

22  service. Plaintiff served Defendant with her Summons, Complaint, and FAC by

23  way of a Notice and Acknowledgment of Receipt. *See* **Ex. 4**. On May 23, 2011,

24  Defendant executed the Acknowledgment of Receipt. *Id.*  Under California law,

25  "service ... is deemed complete on the date written acknowledgment or receipt of

26  summons is executed, if such acknowledgment thereafter is returned to the sender."

27

[1] Defendant does not concede, and reserves the right to contest, Plaintiff's allegation that this lawsuit properly can proceed as a class action.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

NOTICE OF REMOVAL

DB2/ 22491848.2

Cal. Code Civ. Proc. § 415.30(c). Because this Notice of Removal is filed within 30 days of service of the FAC on Defendant, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also Chissie v. Winco Foods, LLC*, 2010 WL 580987, *2 (E.D. Cal., Feb. 2, 2010); *Aniel v. EMC Mortg. Corp.*, 2011 WL 835879, *3 (N.D. Cal. Mar. 4, 2011).

      7.    No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

      8.    This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and one or more defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's FAC exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453. Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.   Diversity Of Citizenship Exists

      9.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### 1.   Plaintiff is a citizen of California

      10.    "An individual is a citizen of the state in which she is domiciled . . . ."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

NOTICE OF REMOVAL

DB2/ 22491848.2

1    *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) *citing*

2    *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of

3    diversity of citizenship jurisdiction, citizenship is determined by the individual's

4    domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology*

5    *Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) citing *Lew v. Moss*, 797 F.2d 747, 750 (9th

6    Cir. 1986).

7        11.    Plaintiff alleges that she is a resident of Southern California. FAC, ¶

8    11, **Ex. 3**. Furthermore, Plaintiff alleges that she and the putative class members

9    are or were employed in California. FAC ¶ 1, **Ex. 3**. Plaintiff was domiciled in the

10   State of California, and is therefore a citizen of California for purposes of diversity

11   jurisdiction in this matter.

12              **2.     Defendant is not a citizen of California**

13        12.    Under CAFA, "an unincorporated association shall be deemed to be a

14   citizen of the State where it has its principal place of business and the State under

15   whose laws it is organized." 28 U.S.C. § 1332(d)(10). Defendant is, and was at the

16   time that Plaintiff filed this action, a Limited Partnership organized and existing

17   under the laws of the State of Virginia with its headquarters in Richfield,

18   Minnesota. *See* Declaration of Suzan Denise McGinnis ("McGinnis Decl."), ¶ 3,

19   attached hereto as **Exhibit 6**.

20        13.    The "principal place of business" of an unincorporated association, as

21   used in 28 U.S.C. § 1332(d)(10), is the association's "nerve center," or "the place

22   where an [association's] officers direct, control, and coordinate the [association's]

23   activities." *See Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," the

24   Supreme Court explained, "it should normally be the place where the [association]

25   maintains its headquarters—provided that the headquarters is the actual center of

26   direction, control, and coordination . . . ." *Id.* A limited partnership's principal

27   place of business is often the office which the public considers to be its main place

28   of business. *Id.* at 1193. The Supreme Court emphasized in Hertz that the "nerve

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

4

NOTICE OF REMOVAL

1    center test" should be one of "administrative simplicity." *Id.*

2        14.    Defendant's principal place of business is located at 7601 Penn

3    Avenue – South, Richfield, Minnesota 55423. McGinnis Decl., ¶ 3, **Ex. 6**.

4    Defendant's high-level management team is based in Minnesota and directs its

5    business from the Minnesota headquarters. *Id.* The majority of Defendant's

6    executive and administrative functions take place in Minnesota. *Id.* The greater

7    part of Defendant's domestic administrative functions (including payroll,

8    accounting, purchasing, marketing, and information systems) are and have been

9    performed in Minnesota. *Id.* Defendant holds itself out to the public as having its

10   corporate headquarters in Minnesota. *Id.*

11       15.    Thus, Defendant is, and was at the time that Plaintiff filed this action, a

12   citizen of Minnesota for diversity purposes under CAFA. 28 U.S.C. § 1332(d)(10);

13   *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1030 (9th Cir. 2009)

14   (holding that Best Buy Stores is not a citizen of California).

15       16.    Even if the Court were to consider the location of Defendant's general

16   and limited partners for purposes of determining its principal place of business,

17   Defendant is still not a citizen of California. Defendant's general and limited

18   partners are BBC Property Co. and BBC Investment Co. McGinnis Decl., ¶ 4, **Ex.**

19   **6**. BBC Property Co. is a corporation incorporated in the State of Minnesota with

20   its principal place of business in the State of Minnesota. *Id.* at ¶ 5. BBC

21   Investment Co. is a corporation incorporated in the State of Nevada with its

22   principal place of business in the State of Minnesota. *Id.* at ¶ 6. Accordingly,

23   Defendant's general and limited partners are not now, and were not at the time

24   Plaintiff filed this action, citizens of California within the meaning of the Acts of

25   Congress relating to the removal of causes.

26       17.    Based on the FAC, therefore, at least one member of the putative class

27   is a citizen of a state different from that of Defendant, as Plaintiff is a citizen of

28   California and Defendant is a citizen of Minnesota. See 28 U.S.C. § 1332(d)(2)(A)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

5

NOTICE OF REMOVAL

1    (requiring only "minimal diversity" under which "any member of a class of

2    plaintiffs is a citizen of a State different from any Defendant").

3        **3.    The citizenship of "Doe Defendants" must be disregarded**

4        18.    In addition to Defendant, the FAC also names as defendants "Does 1

5    through 50." FAC, ¶ 15, **Ex. 3**. The citizenship of fictitious "Doe" defendants,

6    however, is disregarded for removal purposes. 28 U.S.C. § 1441(a); see, e.g.,

7    *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

8        **B.    The Amount-In-Controversy Requirement Is Satisfied**

9        19.    Pursuant to CAFA, the claims of the individual members in a class

10   action are aggregated to determine if the amount in controversy exceeds the sum or

11   value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

12   Furthermore, Congress intended for federal jurisdiction to be appropriate under

13   CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

14   viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

15   type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate

16   Judiciary Report, S. REP. 109-14, at 42.

17       20.    The amount in controversy is determined at the time of removal and is

18   to be decided based on the allegations in the operative pleading. *Lowdermilk v.*

19   *U.S. Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007).

20       21.    In measuring the amount in controversy, the Court must assume that

21   the allegations of the complaint are true and that a jury will return a verdict for the

22   plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan*

23   *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate

24   inquiry is what amount is put "in controversy" by the plaintiff's complaint, not

25   what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F.

26   Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand) *citing*

27   *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). This

28   burden "is not 'daunting,' as courts recognize that under this standard, a removing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

NOTICE OF REMOVAL

DB2/ 22491848.2

1  defendant is not obligated to 'research, state, and prove the plaintiff's claims for
2  damages.'" *Korn*, 536 F. Supp. at 1204-05.  In cases where statutory penalties are
3  sought, "district courts in the Southern District of California and the Central
4  District of California have looked to the statutory maximum . . . in determining
5  whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205.
6  A defendant seeking to invoke CAFA jurisdiction can establish the amount in
7  controversy by presenting evidence of the number of putative class members. *Id.* at
8  1206.  The number of putative class claims can then be multiplied by the damages
9  alleged per claim to determine the amount in controversy.  *Id.*
10      22.  In *Korn*, plaintiffs brought a class action alleging violations of
11  California Civil Code section 1747.08, which carries a maximum civil penalty of
12  $1,000 per claim.  To establish the $5 million amount in controversy for CAFA
13  jurisdiction purposes, the defendant offered evidence that more than 5,000 potential
14  claims (credit card transactions) took place during the class period.  The district
15  court found that multiplying the number of claims by the statutory penalty was
16  sufficient evidence to prove that the amount in controversy under CAFA was met.
17  *Id.*  In addressing the defendant's evidentiary burden, the court held, "defendant
18  need only demonstrate that there are at least 5,001 putative class claims." *Id.*
19  Because the 5,001 putative class claims multiplied by the $1,000 statutory penalty
20  resulted in an amount in controversy greater than $5 million, the district court found
21  the amount in controversy satisfied, and denied plaintiff's motion to remand.
22      23.  Where a plaintiff alleges an amount in controversy greater than the
23  jurisdictional amount ($5 million), the amount in controversy is presumptively
24  satisfied. *Lowdermilk*, 479 F.3d at 998.  Where a plaintiff alleges an amount in
25  controversy less than the jurisdictional minimum, and there is no evidence of bad
26  faith, a removing defendant must simply demonstrate that the amount in
27  controversy exceeds $5 million to a "legal certainty."  *Id.* at 999.[2]  In putative class

[2] Defendants do not concede that the legal certainty standard applies here.  Although

1    actions under California wage and hour law, the amount in controversy for purposes

2    of CAFA may be calculated by reference to the plaintiff's allegations and "the

3    defendant's own numbers." *Rippee*, 408 F. Supp. 2d at 985-86.

4        24.    Here, while Defendant denies Plaintiff's factual allegations and denies

5    that she or the class that she purports to represent is entitled to the relief for which

6    she has prayed,[3] it is clear that when the maximum potential values of the claims of

7    Plaintiff and the putative class members are aggregated, the allegations within

8    Plaintiff's FAC put into controversy an amount in excess of $5 million, even if the

9    legal certainty standard applies.[4]

10

11

_____

12    Plaintiff alleges in her FAC Complaint that "the total ***damages*** are not *expected* to equal or exceed $5,000,000 (FAC, ¶ 10, **Ex. 3**, emphasis added), Plaintiff also seeks recovery of attorneys' fees (*see* FAC, Prayer For Relief, ¶¶ 5 (as to the first cause of

13    action); 6 (as to the second cause of action); 4 (as to the fifth cause of action); 4 (as to the eighth cause of action); 3 (as to the ninth cause of action; and 4 (as to all

14    causes of action, **Ex. 3**). Therefore, Plaintiff has failed to specifically allege a specific total amount in controversy.

15

16    [3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's reference to specific damage amounts

17    and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the

18    jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff.  Defendant specifically

19    denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant.  No statement or reference contained herein shall constitute an

20    admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

21    [4] In *Nelson v. Bic USA, Inc.*, 2008 WL 906049 (S.D. Cal. Apr. 1, 2008), the named

22    plaintiff alleged that "under no scenario, is the total amount of damages that Plaintiff seeks in this action in excess of $4,999,000," and that "no putative class

23    member individually claims more than $10.00 in damages." *Id.* at *1 (internal quotations omitted).  Bic provided evidence that the class size, based on sales data

24    of Bic lighters, was in excess of 500,000 people.  *Id.*  Multiplying the class size (500,000) by the individual amount in controversy alleged in the complaint ($10),

25    in addition to other relief, resulted in an amount in controversy that met the $5 million CAFA threshold. *Id.* at *4.

26      Here, applying the same principles demonstrates that the amount in controversy greatly exceeds the $5 million jurisdictional minimum. Multiplying

27    the actual number of putative class members (4,178) by Plaintiff's alleged individual claim ("not in excess of $75,000") results in an amount in controversy of

28    $313,345,822.00 (4,178 x $74,999).  Consequently, the amount in controversy is satisfied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

8

NOTICE OF REMOVAL

1

### 1.    Information relevant to amounts at issue

2      25.    In her FAC, Plaintiff purports to represent "All hourly store employees

3  who are employed or have been employed by Defendants in the State of California

4  in District 61 at any time from the four (4) years prior to the filing of this action to

5  the present." FAC ¶ 26, **Ex. 3**.  Thus, because this action was filed on March 24,

6  2011, the class period sought by Plaintiff is from March 24, 2007 through the

7  present.

8      26.    Since March 24, 2007 to May 16, 2011 (the "relevant time period"),

9  Defendant has employed approximately 4,178 hourly employees at its California

10  store locations in District 61.  *See* Declaration of Bonny Nelson ("Nelson Decl."), ¶

11  2, attached hereto as **Exhibit 7**.  Of these 4,178 hourly employees, 976 were full-

12  time employees, and 3,202 were part-time employees.[5]  *Id.*  From March 24, 2008

13  to May 16, 2011 (assuming a three-year statute of limitations), approximately 1,797

14  hourly employees at Defendant's California store locations in District 61 ceased

15  employment with Defendant.  *Id.*  Of these employees, 247 were full-time

16  employees and 1,550 were part-time employees.  *Id.*

17      27.    The lowest hourly wage received by Defendant's full-time hourly

18  employees in District 61 during the relevant time period was $8.75/hour.  *Id.* at ¶ 3.

19  The lowest hourly wage received by Defendant's part-time hourly employees in

20  District 61 during the relevant time period was $8.00/hour.  *Id.*  The average hourly

21  wage received by Defendant's full-time hourly employees in District 61 during the

22  relevant time period was $14.73/hour.  *Id.*  The average hourly wage received by

23  Defendant's part-time hourly employees in District 61 during the relevant time

24  period was $10.48/hour.  *Id.*

25

### 2.    Plaintiff's Sixth Cause of Action for Wage Statement Penalties Places More Than $5,000,000 In Controversy.

26

27      28.    In her Sixth Cause of Action, Plaintiff seeks to recovery statutory

---

[5] The part-time employees work at least 4 hours a day.  *Id.*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

NOTICE OF REMOVAL

DB2/ 22491848.2

penalties for herself and the putative class for Defendant's purported failure to provide employees with complete and accurate wage statements under California Labor Code Section 226(a). FAC, ¶¶ 60-64, **Ex. 3**. Specifically, Plaintiff's FAC pleads that Defendant "knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and the proposed class members." FAC, ¶ 61, **Ex. 3**. Under California Labor Code Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period, up to an aggregate penalty of $4,000, for a knowing and intentional violation. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. August 9, 2010).

29. Between March 24, 2010 and May 16, 2011 (the applicable one year statute of limitations), Defendant employed at least 2,331 hourly employees in District 61. Nelson Decl., ¶ 5, **Ex. 7**. There have been at least 31 pay periods since this time, but not all of these employees worked every pay periods since March 24, 2010. *Id.* The breakdown of how many pay periods worked by employee is:

| Number of Employees | Number of Pay Periods | Calculation | Total |
|---|---|---|---|
| 1,597 | 31 | [(1*50) + (30*100)] *1,597 | $4,870,850.00 |
| 2 | 30 | [(1*50)+(29*100)]*2 | $5,900.00 |
| 10 | 29 | [(1*50)+(28*100)]*10 | $28,500.00 |
| 18 | 28 | [(1*50)+(27*100)]*18 | $49,500.00 |
| 14 | 27 | [(1*50)+(26*100)]*14 | $37,100.00 |
| 22 | 26 | [(1*50)+(25*100)]*22 | $56,100.00 |
| 20 | 25 | [(1*50)+(24*100)]*20 | $49,000.00 |
| 22 | 24 | [(1*50)+(23*100)]*22 | $51,700.00 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

10

NOTICE OF REMOVAL

| Number of Employees | Number of Pay Periods | Calculation | Total |
|---|---|---|---|
| 16 | 23 | [(1*50)+(22*100)]*16 | $36,000.00 |
| 23 | 22 | [(1*50)+(21*100)]*23 | $49,450.00 |
| 215 | 21 | [(1*50)+(20*100)]*215 | $440,750.00 |
| 33 | 20 | [(1*50)+(19*100)]*33 | $64,350.00 |
| 21 | 19 | [(1*50)+(18*100)]*21 | $38,850.00 |
| 16 | 18 | [(1*50)+(17*100)]*16 | $28,000.00 |
| 22 | 17 | [(1*50)+(16*100)]*22 | $36,300.00 |
| 29 | 16 | [(1*50)+(15*100)]*29 | $44,950.00 |
| 27 | 15 | [(1*50)+(14*100)]*27 | $39,150.00 |
| 20 | 14 | [(1*50)+(13*100)]*20 | $27,000.00 |
| 17 | 13 | [(1*50)+(12*100)]*17 | $21,250.00 |
| 14 | 12 | [(1*50)+(11*100)]*14 | $16,100.00 |
| 20 | 11 | [(1*50)+(10*100)]*20 | $21,000.00 |
| 25 | 10 | [(1*50)+(9*100)]*25 | $23,750.00 |
| 13 | 9 | [(1*50)+(8*100)]*13 | $11,050.00 |
| 15 | 8 | [(1*50)+(7*100)]*15 | $11,250.00 |
| 23 | 7 | [(1*50)+(6*100)]*23 | $14,950.00 |
| 13 | 6 | [(1*50)+(5*100)]*13 | $7,150.00 |
| 13 | 5 | [(1*50)+(4*100)]*13 | $5,850.00 |
| 18 | 4 | [(1*50)+(3*100)]*18 | $6,300.00 |
| 13 | 3 | [(1*50)+(2*100)]*13 | $3,250.00 |
| 11 | 2 | [(1*50)+(1*100)]*11 | $1,650.00 |
| 9 | 1 | (1*50)*9 | $450.00 |
| TOTAL | | | $6,097,450 |

*Id.*

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22491848.2

NOTICE OF REMOVAL

Thus, based on Plaintiff's allegation that Defendant "failed to comply with Labor Code §226(a) on *each and every wage statement* that should have been provided to Plaintiff and the proposed class members[,]" (emphasis added), the total amount of penalties in controversy under Plaintiff's sixth cause of action alone would be at least **$6,097,450.00** as of May 16, 2011.

### 3.   Plaintiff's Seventh Cause of Action for Waiting Time Penalties Puts Another $2,000,000 Plus In Controversy

30.   In her Seventh Cause of Action, Plaintiff seeks to recover waiting-time penalties for her and other putative class members who are no longer employed for Defendant allegedly failing to timely pay wages due at the time of termination as required by Labor Code section 203. FAC, ¶¶ 65-68, **Ex.3**. Specifically, Plaintiff's FAC alleges that Defendant willfully failed to pay all wages known to be due at termination and that Plaintiff and putative class members are entitled to penalties under Labor Code section 203, "which provides that an employee's wages shall continue as a penalty for a period of up to thirty (30) days from the time they were due." *Id.*, ¶ 67, **Ex. 3**. Plaintiff seeks the recovery of penalties "in the amount of Plaintiff and proposed class members' daily wage multiplied by thirty (30) days." *Id.*, ¶ 68, **Ex. 3**. Pursuant to Labor Code section 203, a three-year statute of limitations period applies to a claim for waiting-time penalties.

31.   From the period of March 24, 2008 to May 16, 2011, approximately 1,797 hourly employees at Defendant's California store locations in District 61 ceased employment with Defendant. Nelson Decl., ¶ 2, **Ex. 7**. Of these employees, 247 were full-time employees and 1,550 were part-time employees. *Id.* Using the lowest hourly rate received by these employees, the amount at issue is at least:

| | |
|---|---|
| 247 *($8.75/hour * 8 hours * 30 days) | $518,700 |
| 1,550 * ($8.00/hour * 4 hours * 30 days) | $1,488,000 |
| TOTAL | **$2,006,700.00** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

NOTICE OF REMOVAL

DB2/ 22491848.2

32.     Therefore, the amount in controversy for Plaintiff's seventh cause of action is at least **$2,006,700.00** ($2,100 * 247 full-time employees + $960 * 1,550 part-time employees) more, based on the lowest hourly rate received by these employees.

### 4.     Plaintiff's FAC Also Seeks Recovery of Attorney's Fees and Other Damages

33.     "Where a statutory authority provides for attorneys' fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v. CVS Pharmacy, Inc.*, 2009 WL 2579661, at *2 (S.D. Cal. Aug. 19, 2009); *see also Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding, outside the CAFA context, that 28 U.S.C. § 1332(a)'s amount in controversy requirement includes attorney's fees).

34.     In her FAC, Plaintiff seeks attorneys' fees in connection with her first, second, fifth, eighth and ninth causes of action. *See* FAC, Prayer for Relief, pages 16-19, **Ex. 3**.  If Plaintiff is able to demonstrate that she is entitled to recover on any of her claims for attorney's fees, which Defendant specifically denies, then she will undoubtedly argue that the award of such fees should amount to a significant percentage of the total recovery. *Guglielmino*, 506 F.3d at 698 (describing measurement of attorneys' fees at 12.5 percent of economic damages for violations of wage provisions of California Labor Code in removal context as "conservative"); *cf. In re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting, in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).[6]

35.     Plaintiff also seeks the recovery for herself and the putative class

---

[6] Defendant specifically denies that Plaintiff is entitled to recover any award of attorneys' fees, and specifically denies that if Plaintiff were entitled to such award, that such award would be sizeable.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

13                    NOTICE OF REMOVAL

members of unpaid overtime compensation, unpaid minimum wages, including liquidated damages pursuant to Labor Code § 1194.2, one hour of pay at the employee's regular rate of compensation for each day Plaintiff and the putative class members were not provided a meal break; one hour of pay at the employee's regular rate of compensation for each day Plaintiff and the putative class members were not provided a rest break; for reimbursement for necessary expenditures under Labor Code § 2802; and for recovery of civil penalties under Labor Code section 2699.

### 5.    Summary of amount in controversy

36.    Although Defendant expressly denies Plaintiff's allegations and theories of maximum recovery, and expressly denies that she or the putative class that she purports to represent is entitled to any of the requested relief, based on Plaintiff's allegations and prayer for relief and a conservative good faith estimate of the value of certain of the alleged damages in this action, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. Section 1332(d)(2) to a legal certainty to the extent that the legal certainty standard applies (which Defendant does not concede).

37.    Based on the very conservative calculations outlined above, the amount in controversy exceeds $8,000,000 as follows:

- Wage-statement penalties:  at least $6,097,450;

- Waiting-time penalties:  at least $2,006,700;

- **TOTAL AMOUNT IN COTROVERSY:  at least $ 8,104,150 plus attorneys' fees and other damages sought in the FAC.**

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

38.    As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendant.

39.    As Plaintiff originally filed this action in the Superior Court of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

14

NOTICE OF REMOVAL

DB2/ 22491848.2

1   State of California, County of Los Angeles, removal to the United States District

2   Court, Central District of California, is proper under 28 U.S.C. Section 1441(a).

3        40.   As required by 28 U.S.C. Section 1446(d), Defendant will provide

4   notice of this removal to Plaintiff through her attorneys of record.

5        41.   As required by 28 U.S.C. Section 1446(d), a copy of this Notice will

6   be filed with the Superior Court of the State of California, County of Los Angeles.

7        42.   Defendant has sought no similar relief.

8        43.   Plaintiff filed the Complaint on March 24, 2011.  True and correct

9   copies of the Complaint, Civil Case Cover Sheet, Civil Cover Sheet Addendum,

10  and Notice of Case Assignment and ADR Information are attached as **Exhibit 2**.  A

11  true and correct copy of the Summons is attached as **Exhibit 1**.  On April 11, 2011,

12  the case was assigned to the Honorable Robert L. Hess.  On April 13, 2011,

13  Plaintiff filed Peremptory Challenge Declaration Pursuant to C.C.P. 170.6, and on

14  April 25, the case was reassigned to Yvette M. Palazuelos.  A true and correct copy

15  of the Peremptory Challenge Declaration Pursuant to C.C.P. 170.6 and the Notice

16  of Reassignment are attached as **Exhibit 8**.  On April 29, Plaintiff filed a First

17  Amended Complaint.  A true and correct copy of the FAC is attached as **Exhibit 3**.

18  Attached as **Exhibit 9** is a true and correct copy of the Proof of Service of

19  Summons file May 23, 2011.

20       44.   In addition, the Court has set a case management conference for

21  August 11, 2011.  Defendant was served with a copy of the Court's Notice of Case

22  Management Conference by Plaintiff on May 6, 2011, and a true and correct copy

23  Plaintiff's Notice of Case Management Conference is attached as **Exhibit 10**.

24       45.   Finally, Defendant filed its Answer in California Superior Court for

25  the County of Los Angeles on June 13, 2011.  A true and correct copy of

26  Defendant's Answer is attached as **Exhibit 5**.

27       46.   To Defendants' knowledge, no other documents have been filed or

28  served upon them.  Consequently, the Complaint, Civil Case Cover Sheet, Civil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22491848.2

15

NOTICE OF REMOVAL

1   Cover Sheet Addendum, Notice of Case Assignment, ADR Information, Summons
2   Plaintiff's Peremptory Challenge Declaration Pursuant to C.C.P. 170.6, Notice of
3   Reassignment, First Amended Complaint, Proof of Service of Summons, Notice of
4   Case Management Conference, and Answer, which are attached as Exhibits 1
5   through 5 and 8 through 10, as required by 28 U.S.C. § 1446(a), constitute all the
6   process, pleadings, and orders served on or filed by the named defendant in this
7   action.

8        47.    If any question arises as to the propriety of the removal of this action,
9   Defendant requests the opportunity to present a brief in support of its position that
10  this case is removable.

11  **V.   CONCLUSION**

12       48.    Based on the foregoing, Defendant respectfully requests that this
13  action be removed from the Superior Court of the State of California in and for the
14  Los Angeles County to the United States District Court for the Central District of
15  California, and that all further proceedings in this matter take place in the United
16  States District Court for the Central District of California.

17
18  Dated:    June 15, 2011              MORGAN, LEWIS & BOCKIUS LLP
19
20                                       By
21                                          Barbara J. Miller
22                                          Jennifer E. White
                                            S. Sean Kundu
                                            Attorneys for Defendants
23                                          BEST BUY STORES, L.P. and
                                            BEST BUY CO., INC.
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

16

NOTICE OF REMOVAL

DB2/ 22491848.2

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Best Buy Stores, L.P., ~~et al.~~
and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Elisa ~~Cotez~~ Cortez, on behalf of herself
and others similarly situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* **BC457866**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian Levine, Levine Law Group, APC, 15760 Ventura Blvd. Suite 2030, Encino, CA 91436 (818) 990-3400

DATE: MAR 24 2011        Clerk, by D.M. Swain        , Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Best Buy Stores, L.P.

  under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEVINE LAW GROUP, APC
ELANA R. LEVINE, ESQ. SBN-234155
BRIAN LEVINE, ESQ. SBN-251416
15760 Ventura Blvd., Suite 2030
Encino, CA 91436
Telephone: (818) 990-3400
Facsimile: (818) 855-8040

ATTORNEYS FOR PLAINTIFF

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

ELISA CORTEZ on behalf of herself and
others similarly situated,

Plaintiffs,

v.

BEST BUY STORES, L.P., et al
and DOES 1-50 inclusive

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:   **BC457866**

**CLASS ACTION COMPLAINT FOR:**

1.  **Failure to Pay Wages and/or Overtime**
2.  **Failure to Pay Minimum Wages**
3.  **Failure to Provide Meal Periods**
4.  **Failure to Authorize and Permit Rest Periods**
5.  **Failure to Reimburse for Business Expenses**
6.  **Failure to Provide Accurate Itemized Wage Statements** *(Cal. Lab. Code § 226)*
7.  **Waiting Time Penalties** *(Cal. Lab. Code § 203)*
8.  **Unfair Business Practices** *(Cal. Bus. & Prof. Code §§ 17200, et seq.)*

**DEMAND FOR JURY TRIAL**

Plaintiff, **ELISA CORTEZ**, on behalf of herself and all others similarly situated,

complains of Defendants, and each of them, as follows:

I

## INTRODUCTION

1.      This is a Class Action, pursuant to *California Code of Civil Procedure*
§382, on behalf of Plaintiff and all hourly store employees, who are employed by, or
formerly employed by BEST BUY STORES, L.P., and any subsidiaries or affiliated companies
(hereinafter referred to as "Defendants") within the State of California in District 61
(hereinafter referred to as "proposed class members" or "hourly store employees").

CLASS ACTION COMPLAINT

1

2.      For at least four (4) years prior to the filing of this action continuing to the present, Defendants have had a consistent policy of failing to pay wages and/or overtime to hourly store employees for all hours worked.

3.      For at least four (4) years prior to the filing of this action and continuing to the present ("rest and meal break liability period"), Defendants have had a consistent policy of requiring hourly store employees within the State of California, including Plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that a meal period is not provided or is provided after five (5) hours, as required by California state wage and hour laws.

4.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide hourly store employees within the State of California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

5.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to reimburse hourly store employees for expenses incurred during and as part of their employment.

6.      For at least four (4) years prior to the filing of the complaint and continuing through the present, Defendants have had a consistent policy of failing to provide Plaintiff and other employees with accurate, itemized wage statements.

7.      Plaintiff, on behalf of herself and all proposed class members, brings this action pursuant to Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, 1174, 1194, 1197, 1199, and 2802, seeking wages and/or overtime, unpaid rest and meal period compensation, reimbursement of expenses, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

8.      Plaintiff, on behalf of herself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to provide meal and rest period

CLASS ACTION COMPLAINT

2

1   compensation.

2                                        **II**

3                                    **PARTIES**

4        A.    <u>Plaintiff</u>

5        9.    Venue as to each defendant is proper in this judicial district, pursuant to *California*

6   *Code of Civil Procedure* § 395.  Defendants do business within this County. The unlawful acts

7   alleged herein have a direct effect on Plaintiff and those similarly situated within the State of

8   California.  Further, Defendants have not designated a principle place of business in California.

9        10.   This Court has jurisdiction over this action because it is a class action, and the

10   claims of the individual Plaintiff and putative class members are not in excess of $75,000.00

11   and the total damages are not expected to equal or exceed $5,000,000.00.   Venue is proper

12   because many of the claims arose within this judicial district.

13        11.   Plaintiff **ELISA CORTEZ** is a resident of Southern California.

14        12.   As an hourly store employee, Plaintiff was regularly required to:

15             a)     Work off the clock without proper compensation for all hours worked;

16             b)     Work without receiving itemized records reflecting the actual hours

17   worked;

18             c)     Work without being compensated for all hours worked at appropriate

19   rates;

20             d)     Work in excess of five (5) hours per day without being provided a

21   meal period and not being compensated one (1) hour of pay at the regular rate of compensation

22   for each workday that a meal period was not provided or provided within five (5) hours, all

23   in violation of California labor laws, regulations, and Industrial Welfare Commission

24   Wage Orders;

25             e)     Work without being provided a minimum ten (10) minute rest period for

26   every four (4) hours or major fraction thereof worked and not being compensated one (1) hour

27   of pay at her regular rate of compensation for each workday that a rest period was not provided;

28             f)     Work without being reimbursed for business expenses; and

                g)     Work without receiving accurate itemized wage statements.

13.     Defendants willfully failed to compensate Plaintiff and similarly situated hourly store employees for wages at the termination of their employment with Defendants.

**B.     Defendants**

14.     Defendant BEST BUY, L.P. is a Minnesota Limited Liability Partnership. They own and operate several stores in District 61 in the State of California. Defendant's corporate address is 7601 Penn Avenue South, Richfield, MN 55423. Defendants employed Plaintiff and similarly situated persons as hourly store employees within California.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under *California Code of Civil Procedure* § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

16.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and proposed class members.

**III**

**FACTUAL BACKGROUND**

17.     Defendants hire hourly store employees who work in California. These employees work in nonexempt positions and, on a regular basis, are not compensated for all hours worked.

18.     Plaintiff and other hourly store employees are also often not compensated at overtime premium rates when they work over eight (8) hours per day and/or forty (40) hours per week, and are not compensated at double time rates when they work over twelve (12) hours per day. Defendant also failed to provide itemized records reflecting those hours.

19.     In addition, these employees have not been provided meal periods for work days in

excess of five (5) hours, rest periods for work periods of four (4) hours or major fractions thereof (3½), and were not compensated one (1) hour's wages in lieu thereof.

20.     Plaintiff and proposed class members are, and at all times pertinent hereto, have been nonexempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. Plaintiff and proposed class members are covered by California Industrial Welfare Commission Occupational Wage Order No. 7-2001.

21.     During the rest and meal period liability period, Plaintiff and proposed class members were regularly required to work in excess of four (4) hours without being provided a rest period and were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

22.     Defendants did not fully compensate proposed class members for Defendants' failure to provide meal periods or to authorize and permit the taking of rest periods during the rest and meal period liability period.

23.     Defendants' requirement that Plaintiff and proposed class members work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods during the liability periods was willful and deliberate.

24.     Defendants willfully failed to pay overtime wages, and further failed to pay one hour's wages in lieu of rest and meal periods, when due or when each employee quit or was discharged.

25.     Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 7-2001(7) by failing to maintain accurate time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and proposed class members.

## IV

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to *California Code of Civil Procedure* § 382. Plaintiff

CLASS ACTION COMPLAINT

5

seeks to represent a class composed of and defined as follows:

> All hourly store employees who are employed or have
> been employed by Defendants in the State of California in
> District 61 at any time from the four (4) years prior to the filing
> of this action to the present. ("Proposed Class")

27.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

28.     This action has been brought and may properly be maintained as a class action under the provisions of *California Code of Civil Procedure* § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.     Numerosity**

29.     The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, plaintiff is informed and believes that defendants employed over 100 hourly store employees during the relevant time period.

30.     Plaintiff alleges defendants' employment records would provide information as to the number and location of all proposed class members. Joinder of all members of the proposed class is not practicable.

**B.     Commonality**

31.     There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

       a.     Whether Defendants failed to pay Plaintiff and proposed class members for all hours worked;

       b.     Whether Defendants failed to compensate Plaintiff and proposed class members with overtime compensation when they worked over eight (8) hours per day and/or forty (40) hours per week.

       c.     Whether Defendants violated Labor Code § 226.7, 512 and 516, IWC Wage

Order 7-2001 or other applicable IWC Wage Orders, by failing to provide meal periods on days they worked in excess of five (5) hours and failing to compensate said hourly store employees one (1) hours wages in lieu of meal periods;

        d.      Whether Defendants violated Labor Code §§ 226.7 and Wage Order 7-2001 or other applicable IWC Wage Orders, by failing to provide daily rest periods for every four (4) hours or major fraction thereof (3½) worked and failing to compensate said hourly store employees one (1) hours wages in lieu of rest periods;

        e.      Whether Defendants failure to pay wages and other compensation, and failure to maintain and provide accurate time records and wage statements was willful and deliberate;

        f.      Whether Defendants violated §§ 201-203 of the *Labor Code* by failing to pay compensation due and owing at the time that any proposed class member's employment with defendants terminated;

        g.      Whether a good faith bona fide dispute existed as to the fact that wages were due and owing at the time of the termination of employment;

        h.      Whether Defendants violated § 17200, *et seq.* of the *Business & Professions Code* by failing to provide wages and compensation to hourly store employees; and

        i.      Whether Plaintiff and proposed class members are entitled to equitable relief pursuant to *Business & Professions Code* § 17200, *et. seq.*

**C.**    **Typicality**

   32.     The claims of Plaintiff are typical of the claims of proposed class members. Plaintiff and all proposed class members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D.**    **Adequacy of Representation**

   33.     Plaintiff will fairly and adequately represent and protect the interests of the proposed class members. Counsel for Plaintiff is competent and experienced in litigating large employment class actions.

**E.**    **Superiority of Class Action**

34.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class. Each proposed class member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate class members at the legal overtime rates, denying Plaintiff and other hourly store employees from taking rest and meal periods without paying legal compensation in lieu thereof, failing to indemnify employees for all business related expenses, and failing to keep accurate time records and itemized pay records.

35.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

V

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND/OR OVERTIME**

36.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37.     Plaintiff and others were required to work on a regular and consistent basis without receiving compensation for all hours worked at their regular rate or if more than eight (8) hours per day and/or forty (40) hours per week, at the applicable overtime rate. Plaintiff and proposed class members have not been compensated for this time. Defendants also had a consistent policy of failing to pay Plaintiff and proposed class members for all hours worked.

38.     By their policy of requiring Plaintiff and other hourly store employees to work without receiving compensation for all hours worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating Plaintiff and other hourly store employees at the rate of time and one-half (1½), Defendants willfully violated the provisions of *Labor Code* § 1194.

CLASS ACTION COMPLAINT

8

41.     As a result of the unlawful acts of Defendants, Plaintiff and all other proposed class members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, pursuant to *Labor Code* § 1194.

## VI

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED

42.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     This cause of action is brought pursuant to *California Labor Code* § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

44.     At all times relevant herein, Defendants were required to compensate Plaintiff and proposed class members at least the statutorily mandated minimum wage for all regular hours worked.

45.     As a pattern and practice, Defendants regularly required Plaintiff and proposed class members to work more hours than were recorded on their time sheets without payment of wages, which resulted in Defendants failing to pay Plaintiff and proposed class members at least the statutorily required minimum wage for all hours worked.

46.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and proposed class members who worked the minimum wages due for all hours worked.

47.     Defendants' conduct as alleged herein is in violation of *California Labor Code* § 1194 and the governing IWC Wage Order.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and proposed class members for minimum wages earned as required by California law.

CLASS ACTION COMPLAINT

9

48.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and proposed class members minimum wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and proposed class members whose have separated from employment are entitled to compensation pursuant to *California Labor Code* § 203.

49.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, Class Members and Class Members for damages and wages owed, and for liquidated damages under *California Labor Code* § 1194.2, penalties, interest, costs and attorneys' fees.

## VII

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAK PER LABOR CODE §226.7

50.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51.     Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff and the class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

52.     Defendants failed to provide Plaintiff and other hourly store employees with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant rest and meal break liability period.

53.     Pursuant to *California Labor Code* § 226.7, Plaintiff and proposed class members are entitled to damages in art amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

# VIII

## FOURTH CAUSE OF ACTION

## FAILURE TO ALLOW REST BREAKS PURSUANT TO LABOR CODE §226.7

54.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     *California Labor Code* § 226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof. Plaintiff and proposed class members consistently worked over four (4) hours per shift with no rest breaks.

56.     Defendants failed to provide Plaintiff and other hourly store employees with rest breaks of not less than ten (10) minutes as required by the Labor Code during the relevant meal and rest liability period.

57.     Pursuant to *California Labor Code* § 226.7, Plaintiff and proposed class members are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial.

# IX

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

58.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.     Pursuant to *California Labor Code* § 2802, Defendants are required to reimburse Plaintiff and proposed class members for expenses incurred during the performance of their job duties.

60.     Plaintiff alleges that Defendant did not reimburse Plaintiff and other hourly store employees for expenses incurred as a condition of the discharge of their employment duties.

61.     As a proximate result of this violation, Plaintiff and proposed class members have been damaged in an amount according to proof at the time of trial.

**X**

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226

62.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

63.    Section 226(a) of the *California Labor Code* requires defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and other hourly store employees. Defendants have knowingly and intentionally failed to comply with. Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and proposed class members. By failing to keep adequate records as required by §§ 226 and 1174(d) of the *California Labor Code*, Defendants have injured Plaintiff and proposed class members and made it difficult to calculate the unpaid wages earned, unpaid rest and meal period compensation, and losses and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due Plaintiff and proposed class members.

64.    Section 1174 of the *California Labor Code* requires defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with *Labor Code* § 1174. Defendants', and each of them, failure to comply with *Labor Code* § 1174 is unlawful pursuant to *Labor Code* § 1175.

65.    IWC Wage Orders 7-2001(7), 7-2000(7), require defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and other hourly store employees.

67.    Plaintiff and proposed class members request relief as described herein and below.

## XI

### SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

68.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69.     Numerous proposed class members including Plaintiff are no longer employed by Defendants. They were either terminated or quit Defendants' employ.

70.     Defendants' failure to pay wages, as alleged above was willful in that Defendants and each of them knew wages to be due but failed to pay them, thus entitling the Plaintiff and proposed class members to penalties under *Labor Code* § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

71.     Defendants have failed to pay employees a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *Labor Code* §203, Plaintiff and proposed class members are entitled to penalties in the amount of Plaintiff and proposed class members' daily wage multiplied by thirty (30) days.

## XII

### EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200

72.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

73.     This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff **ELISA CORTEZ** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and proposed class members. Plaintiff seeks to enforce important rights affecting the

1    public interest within the meaning of *Code of Civil Procedure* § 1021.5.

2        74.    Plaintiff is a "person" within the meaning of *Business & Professions Code*

3    § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution,

4    and other appropriate equitable relief.

5        75.    *Business & Profession Code* §17200, et seq. prohibits unlawful and unfair

6    business practices.

7        76.    Wage and hour laws express fundamental public policies. Providing

8    employees with wages, meal and/or rest breaks, and overtime are fundamental public policies

9    of this State and of the United States. *Labor Code* § 90.5(a) articulates the public policies

10   of this State to enforce vigorously minimum labor standards, to ensure that employees are

11   not required or permitted to work under substandard and unlawful conditions, and to protect

12   law-abiding employers and their employees from competitors who lower their costs

13   by failing to comply with minimum labor standards.

14       77.    Defendants have violated statutes and public policies. Through the conduct

15   alleged in this Complaint, Defendants, and each of them, have acted contrary to these public

16   policies, have violated specific provisions of the Labor Code, and have engaged in other

17   unlawful and unfair business practices in violation of *Business & Profession Code* § 17200,

18   *et seq.*, depriving Plaintiff, and all persons similarly situated, and all interested persons of

19   rights, benefits, and privileges guarantees to all employees under law.

20       78.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

21   violation of § 17200, *et. seq.* of the *Business & Professions Code*.

22       79.    Defendants by engaging in the conduct herein alleged, by failing to pay all wages

23   due, not providing proper breaks or paying compensation in lieu thereof, failing to indemnify

24   employees, either knew or in the exercise of reasonable care should have known that the

25   conduct was unlawful. As such it is a violation of § 17200 et. seq. of the Business & Professions

26   Code.

27       80.    As a proximate result of the above mentioned acts of defendants, Plaintiff and

28   others similarly situated have been damaged in a sum as may be proven.

         81.    Unless restrained by this Court, Defendants will continue to engage in the

CLASS ACTION COMPLAINT

14

1   unlawful conduct as alleged above. Pursuant to *Business & Professions Code* this Court should

2   make such orders or judgments, including the appointment of a receiver, as may be

3   necessary to prevent the use or employment, by Defendants, their agents or employees, of

4   any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or,

5   including but not limited to, disgorgement of profits which may be necessary to restore

6   Plaintiff and the proposed class members to the money Defendants have unlawfully

7   failed to pay.

8                                 **RELIEF REQUESTED**

9          WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf

10  this suit is brought against Defendants, jointly and severally, as follows:

11  **AS TO THE FIRST CAUSE OF ACTION**:

12         1.     That the Court declare, adjudge, and decree that Defendants violated *California*

13  *Labor Code* §§ 204, 510, 1194 and 1198 and the Wage Order by willfully failing to pay all

14  wages and/or overtime wages due to Plaintiff and proposed class members;

15         2.     For general unpaid wages at regular wage rates and overtime at overtime wage

16  rates and such general and special damages as may be appropriate;

17         3.     For liquidated damages, pursuant to *California Labor Code* § 1194.2;

18         4.     For pre-judgment interest on any unpaid overtime compensation commencing

19  from the date such amounts were due; and

20         5.     For reasonable attorney's fees and costs of suit incurred herein pursuant to

21  *California Labor Code* § 1194(a).

22  **AS TO THE SECOND CAUSE OF ACTION**:

23         1.     That the Court declare, adjudge, and decree that Defendants violated *California*

24  *Labor Code* §§ 1194, 1194.2 and 1197.1, by willfully failing to pay at least minimum wages for

25  all hours worked by Plaintiff and Class Members;

26         2.     For unpaid wages due and owing as may be appropriate;

27         3.     For liquidated damages, pursuant to *California Labor Code* § 1194.2;

28         4.     For pre-judgment interest on any unpaid wages commencing from the date such

amounts were due;

CLASS ACTION COMPLAINT

15

5.   For an injunction preventing further violation of *California Labor Code* 1194.5; and

5.   For reasonable attorney's fees and costs of suit incurred herein pursuant to *California Labor Code* § 1194(a).

## AS TO THE THIRD CAUSE OF ACTION:

1.   That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 226.7, 512 and 516 and the governing IWC Wage Order by failing to provide all meal periods (including second meal periods) to Plaintiff and proposed class members;

2.   That the Court make an award to the Plaintiff and proposed class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3.   For premiums pursuant to *California Labor Code* § 226.7(b); and

4.   For pre-judgment interest on any unpaid wages from the date such amounts were due.

## AS TO THE FOURTH CAUSE OF ACTION:

1.   That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 226.7 and 512 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and proposed class members;

2.   That the Court make an award to the Plaintiff and proposed class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

3.   For premiums pursuant to *California Labor Code* § 226.7(b); and

4.   For pre-judgment interest on any unpaid wages from the date such amounts were due.

## AS TO THE FIFTH CAUSE OF ACTION:

1.   That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* § 2802 and the Wage Order by failing to reimburse expenses to Plaintiff and proposed class members;

2.      That the Court make an award to the Plaintiff and proposed class members of reimbursement for the expenses that they incurred during their employment;

3.      For pre-judgment interest on any unpaid reimbursement of expenses from the date such amounts were due.

4.      For reasonable attorneys' fees and costs of suit.

**AS TO THE SIXTH CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of *California Labor Code* § 226(a) as to Plaintiff and Class Members, and willfully failed to provide accurate itemized wage statements thereto;

2.      For statutory penalties pursuant to *California Labor Code* § 226(e); and

3.      For civil penalties pursuant to *California Labor Code* §§ 226(a) and 226.3.

**AS TO THE SEVENTH CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the Class Members;

2.      For statutory wage penalties pursuant to *California Labor Code* § 203 for Plaintiff and all proposed class members who are no longer employed by Defendants; and

3.      For pre-judgment interest on any unpaid wages from the date such amounts were due.

**AS TO THE EIGHTH CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated *California Business and Professions Code* §§ 17200, et seq. by failing to provide Plaintiff and proposed class members all regular wages, overtime compensation and at least minimum wage for all hours worked, failing to provide accurate itemized wage statements, failing to indemnify business expenses, and failing to provide meal and rest breaks;

2.      For restitution of unpaid wages to Plaintiff and all proposed class members, and prejudgment interest from the day such amounts were due and payable;

3.      For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by

Defendants as a result of violations of *California Business and Professions Code* §§ 17200, *et seq.*; and

      4.     For reasonable attorney's fees and costs of suit incurred herein pursuant to *California Code of Civil Procedure* § 1021.5.

AS TO ALL CAUSES OF ACTION:

      1.     For an order certifying the proposed Class;

      2.     For an order appointing Plaintiff as the representative of the Class;

      3.     For an order appointing counsel for Plaintiff as Class Counsel;

      4.     For attorney's fees as provided for by law;

      5.     For interest as provided by law;

      6.     For compensatory damages, according to proof;

      7.     For costs and suit herein incurred; and

      8.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: March 23, 2011               LEVINE LAW GROUP, APC

By:                         
                    BRIAN LEVINE
                    Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Brian Levine, Esq. (251416)
Levine Law Group, APC
15760 Ventura Boulevard, Suite 2030
Encino, CA 91436
TELEPHONE NO.: (818) 990-3400      FAX NO.: (818) 855-8040
ATTORNEY FOR (Name): Plaintiff, Elisa Cortez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk / Central District

**CONFORMED COPY OF ORIGINAL FILED**
Los Angeles Superior Court

MAR 2 4 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

CASE NAME:
Cortez v. Best Buy Stores, L.P., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC457866 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (08)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 23, 2011

Brian Levine
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE Cortez v. Best Buy Stores, L.P. | CASE NUMBER BC457866 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10-14 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 1 of 4

| SHORT TITLE: Cortez v. Best Buy Stores, L.P. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | | |
| Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | | |
| Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Cortez v. Best Buy Stores, L.P. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cortez v. Best Buy Stores, L.P. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 4500 Van Nuys Boulevard |
|---|---|

| CITY: Sherman Oaks | STATE: CA | ZIP CODE: 91403 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___March 23, 2011___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC457866

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©).  There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Willliam F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

### *Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____       JOHN A. CLARKE, Executive Officer/Clerk

By_____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# EXHIBIT 3

1    LEVINE LAW GROUP, APC
    ELANA R. LEVINE (SBN-234155)
2    lani@llglaw.com
    BRIAN LEVINE (SBN-251416)
3    brian@llglaw.com
    15760 VENTURA BLVD., STE 2030
4    ENCINO, CA 91436
    (818) 990-3400; FAX (818) 855-8040
5

6    Attorneys for Plaintiff

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF LOS ANGELES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 29 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

| | |
|---|---|
| ELISA CORTEZ on behalf of herself and others similarly situated, | Case No.: BC457866 |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | 1. Failure to Pay Wages and/or Overtime |
| BEST BUY STORES, L.P., et al | 2. Failure to Pay Minimum Wages |
| Defendants. | 3. Failure to Provide Meal Periods |
| | 4. Failure to Authorize and Permit Rest Periods |
| | 5. Failure to Reimburse for Business Expenses |
| | 6. Failure to Provide Accurate Itemized Wage Statements *(Cal. Lab. Code § 226)* |
| | 7. Waiting Time Penalties *(Cal. Lab. Code § 203)* |
| | 8. Unfair Business Practices *(Cal. Bus. & Prof. Code §§ 17200, et seq.)* |
| | 9. Penalties Pursuant to Labor Code § 2699 |

**DEMAND FOR JURY TRIAL**

1

SECOND AMENDED CLASS ACTION COMPLAINT

1        Plaintiff, **ELISA CORTEZ**, on behalf of herself and all others similarly situated, complains of

2    Defendants, and each of them, as follows:

3    **I**

4    **INTRODUCTION**

5        1.    This is a Class Action, pursuant to *California Code of Civil Procedure* §382,

6    and a Representative Action, pursuant to *Labor Code* §2699, on behalf of Plaintiff and all

7    hourly store employees, who are employed by, or formerly employed by BEST BUY STORES, L.P.,

8    and any subsidiaries or affiliated companies (hereinafter referred to as "Defendants") within the

9    State of California in District 61 (hereinafter referred to as "proposed class members" or "hourly

10   store employees").

11       2.    For at least four (4) years prior to the filing of this action continuing to the

12   present, Defendants have had a consistent policy of failing to pay wages and/or overtime to

13   hourly store employees for all hours worked.

14       3.    For at least four (4) years prior to the filing of this action and continuing to the present

15   ("rest and meal break liability period"), Defendants have had a consistent policy of requiring hourly

16   store employees within the State of California, including Plaintiff, to work at least five (5) hours

17   without an uninterrupted meal period and failing to pay such employees one (1) hour of pay at the

18   employees' regular rate of compensation for each workday that a meal period is not provided or is

19   provided after five (5) hours, as required by California state wage and hour laws.

20       4.    For at least four (4) years prior to the filing of this action and continuing to the

21   present, Defendants have had a consistent policy of failing to provide hourly store employees within

22   the State of California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours

23   worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the

24   employees' regular rate of compensation for each workday that the rest period was not provided, as

25   required by California state wage and hour laws.

26       5.    For at least four (4) years prior to the filing of this action and continuing to the

27   present, Defendants have had a consistent policy of failing to reimburse hourly store employees for

28   expenses incurred during and as part of their employment.

2

SECOND AMENDED CLASS ACTION COMPLAINT

6.      For at least four (4) years prior to the filing of the complaint and continuing through the present, Defendants have had a consistent policy of failing to provide Plaintiff and other employees with accurate, itemized wage statements.

7.      Plaintiff, on behalf of herself and all proposed class members, brings this action pursuant to Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, 1174, 1194, 1197, 1199, 2699, and 2802, seeking wages and/or overtime, unpaid rest and meal period compensation, reimbursement of expenses, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

8.      Plaintiff, on behalf of herself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to provide meal and rest period compensation.

## II

## PARTIES

### A.   Plaintiff

9.      Venue as to each defendant is proper in this judicial district, pursuant to *California Code of Civil Procedure* § 395.  Defendants do business within this County. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Further, Defendants have not designated a principle place of business in California.

10.     This Court has jurisdiction over this action because it is a class action, and the claims of the individual Plaintiff and putative class members are not in excess of $75,000.00 and the total damages are not expected to equal or exceed $5,000,000.00.   Venue is proper because many of the claims arose within this judicial district.

11.     Plaintiff **ELISA CORTEZ** is a resident of Southern California.

12.     As an hourly store employee, Plaintiff was regularly required to:

   a)      Work off the clock without proper compensation for all hours worked;

   b)      Work without receiving itemized records reflecting actual hours worked;

   c)      Work without being compensated for all hours worked at appropriate rates;

   d)      Work in excess of five (5) hours per day without being provided a meal period

3

SECOND AMENDED CLASS ACTION COMPLAINT

1 | and not being compensated one (1) hour of pay at the regular rate of compensation for each workday
2 | that a meal period was not provided or provided within five (5) hours, all in violation of California
3 | labor laws, regulations, and Industrial Welfare Commission Wage Orders;

4 |             e)      Work without being provided a minimum ten (10) minute rest period for
5 | every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay
6 | at her regular rate of compensation for each workday that a rest period was not provided;

7 |             f)      Work without being reimbursed for business expenses; and

8 |             g)      Work without receiving accurate itemized wage statements.

9 |       13.     Defendants willfully failed to compensate Plaintiff and similarly situated hourly store
10 | employees for wages at the termination of their employment with Defendants.

11 |    **B.**    **Defendants**

12 |       14.     Defendant BEST BUY, L.P. is a Minnesota Limited Liability Partnership. They own
13 | and operate several stores in District 61 in the State of California. Defendant's corporate address is
14 | 7601 Penn Avenue South, Richfield, MN 55423. Defendants employed Plaintiff and similarly
15 | situated persons as hourly store employees within California.

16 |       15.     The true names and capacities, whether individual, corporate, associate, or
17 | otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to
18 | Plaintiff, who therefore sues defendants by such fictitious names under *California Code of Civil*
19 | *Procedure* § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the
20 | defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts
21 | referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names
22 | and capacities of the defendants designated hereinafter as DOES when such identities become known.

23 |       16.     Plaintiff is informed and believes, and based thereon alleges, that each defendant
24 | acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint
25 | scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant
26 | are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the
27 | employer and/or joint employer of Plaintiff and proposed class members.

28 |

4

SECOND AMENDED CLASS ACTION COMPLAINT

## III

## FACTUAL BACKGROUND

17.    Defendants hire hourly store employees who work in California. These employees work in nonexempt positions and, on a regular basis, are not compensated for all hours worked.

18.    Plaintiff and other hourly store employees are also often not compensated at overtime premium rates when they work over eight (8) hours per day and/or forty (40) hours per week, and are not compensated at double time rates when they work over twelve (12) hours per day.  Defendant also failed to provide itemized records reflecting those hours.

19.    In addition, these employees have not been provided meal periods for work days in excess of five (5) hours, rest periods for work periods of four (4) hours or major fractions thereof (3½), and were not compensated one (1) hour's wages in lieu thereof.

20.    Plaintiff and proposed class members are, and at all times pertinent hereto, have been nonexempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  Plaintiff and proposed class members are covered by California Industrial Welfare Commission Occupational Wage Order No. 7-2001.

21.    During the rest and meal period liability period, Plaintiff and proposed class members were regularly required to work in excess of four (4) hours without being provided a rest period and were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

22.    Defendants did not fully compensate proposed class members for Defendants' failure to provide meal periods or to authorize and permit the taking of rest periods during the rest and meal period liability period.

23.    Defendants' requirement that Plaintiff and proposed class members work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods during the liability periods was willful and deliberate.

24.    Defendants willfully failed to pay overtime wages, and further failed to pay one hour's wages in lieu of rest and meal periods, when due or when each employee quit or was discharged.

25.    Defendants have failed to comply with Industrial Welfare Commission ("IWC")

5

1   Wage Order 7-2001(7) by failing to maintain accurate time records showing when the employee

2   begins and ends each work period, meal periods, and total daily hours worked by itemizing in

3   wage statements all deductions from payment of wages and accurately reporting total hours

4   worked by Plaintiff and proposed class members.

5                                              IV

6                          **CLASS ACTION ALLEGATIONS**

7        26.   Plaintiff brings this action on behalf of herself and all others similarly situated as a

8   Class Action pursuant to *California Code of Civil Procedure* § 382. Plaintiff seeks to

9   represent a class composed of and defined as follows:

10        All hourly store employees who are employed or have been
          employed by Defendants in the State of California in District 61 at any
11        time from the four (4) years prior to the filing of this action to the present.
          ("Proposed Class")
12
          27.   Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or
13
    modify the class description with greater specificity or further division into subclasses or
14
    limitation to particular issues.
15
          28.   This action has been brought and may properly be maintained as a class action under
16
    the provisions of *California Code of Civil Procedure* § 382 because there is a well-defined
17
    community of interest in the litigation and the proposed class is easily ascertainable.
18
    A.    **Numerosity**
19
          29.   The potential members of the proposed class as defined are so numerous that joinder
20
    of all the members of the proposed class is impracticable. While the precise number of proposed
21
    class members has not been determined at this time, plaintiff is informed and believes that
22
    defendants employed over 100 hourly store employees during the relevant time period.
23
          30.   Plaintiff alleges defendants' employment records would provide information as to the
24
    number and location of all proposed class members. Joinder of all members of the proposed class is not
25
    practicable.
26
    B.    **Commonality**
27
          31.   There are questions of law and fact common to the proposed class that predominate
28
    over any questions affecting only individual class members. These common questions of law and

1    fact include, without limitation:

2          a.        Whether Defendants failed to pay Plaintiff and proposed class members for all

3    hours worked;

4          b.        Whether Defendants failed to compensate Plaintiff and proposed class

5    members with overtime compensation when they worked over eight (8) hours per day and/or forty

6    (40) hours per week.

7          c.        Whether Defendants violated Labor Code § 226.7, 512 and 516, IWC Wage

8    Order 7-2001 or other applicable IWC Wage Orders, by failing to provide meal periods on days they

9    worked in excess of five (5) hours and failing to compensate said hourly store employees one (1) hours

10   wages in lieu of meal periods;

11         d.        Whether Defendants violated Labor Code §§ 226.7 and Wage Order 7-2001 or

12   other applicable IWC Wage Orders, by failing to provide daily rest periods for every four (4) hours or

13   major fraction thereof (3½) worked and failing to compensate said hourly store employees one (1) hours

14   wages in lieu of rest periods;

15         e.        Whether Defendants failure to pay wages and other compensation, and failure

16   to maintain and provide accurate time records and wage statements was willful and deliberate;

17         f.        Whether Defendants violated §§ 201-203 of the *Labor Code* by failing to pay

18   compensation due and owing at the time that any proposed class member's employment with defendants

19   terminated;

20         g.        Whether a good faith bona fide dispute existed as to the fact that wages were

21   due and owing at the time of the termination of employment;

22         h.        Whether Defendants violated § 17200, *et seq.* of the *Business & Professions*

23   *Code* by failing to provide wages and compensation to hourly store employees;

24         i.        Whether Plaintiff and proposed class members are entitled to equitable relief

25   pursuant to *Business & Professions Code* § 17200, *et. seq.*; and

26         j.        Whether Defendant violated *Labor Code* § 2699, *et. seq.* by committing the

27   foregoing violations of the Labor Code.

28

7

**SECOND AMENDED CLASS ACTION COMPLAINT**

C.    **Typicality**

32.    The claims of Plaintiff are typical of the claims of proposed class members. Plaintiff and all proposed class members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

D.    **Adequacy of Representation**

33.    Plaintiff will fairly and adequately represent and protect the interests of the proposed class members. Counsel for Plaintiff is competent and experienced in litigating large employment class actions.

E.    **Superiority of Class Action**

34.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class. Each proposed class member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate class members at the legal overtime rates, denying Plaintiff and other hourly store employees from taking rest and meal periods without paying legal compensation in lieu thereof, failing to indemnify employees for all business related expenses, and failing to keep accurate time records and itemized pay records.

35.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**V**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND/OR OVERTIME**

36.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

8

37.     Plaintiff and others were required to work on a regular and consistent basis without receiving compensation for all hours worked at their regular rate or if more than eight (8) hours per day and/or forty (40) hours per week, at the applicable overtime rate. Plaintiff and proposed class members have not been compensated for this time. Defendants also had a consistent policy of failing to pay Plaintiff and proposed class members for all hours worked.

38.     By their policy of requiring Plaintiff and other hourly store employees to work without receiving compensation for all hours worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating Plaintiff and other hourly store employees at the rate of time and one-half (1½), Defendants willfully violated the provisions of *Labor Code* § 1194.

39.     As a result of the unlawful acts of Defendants, Plaintiff and all other proposed class members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, pursuant to *Labor Code* § 1194.

## VI

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED

40.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41.     This cause of action is brought pursuant to *California Labor Code* § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

42.     At all times relevant herein, Defendants were required to compensate Plaintiff and proposed class members at least the statutorily mandated minimum wage for all regular hours worked.

43.     As a pattern and practice, Defendants regularly required Plaintiff and proposed class members to work more hours than were recorded on their time sheets without payment of wages, which resulted in Defendants failing to pay Plaintiff and proposed class members at least the

9

SECOND AMENDED CLASS ACTION COMPLAINT

1  statutorily required minimum wage for all hours worked.

2    44.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and proposed
3  class members who worked the minimum wages due for all hours worked.

4    45.    Defendants' conduct as alleged herein is in violation of *California Labor Code*
5  § 1194 and the governing IWC Wage Order.  Defendants' employment policies and practices
6  wrongfully and illegally failed to compensate Plaintiff and proposed class members for minimum
7  wages earned as required by California law.

8    46.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully
9  failed to pay Plaintiff and proposed class members minimum wages for all hours worked.  Plaintiff
10 is informed and believes and based thereon alleges that Defendants' willful failure to provide wages
11 due and owing upon separation from employment results in a continued payment of wages up to
12 thirty (30) days from the time the wages were due.  Therefore, Plaintiff and proposed class members
13 whose have separated from employment are entitled to compensation pursuant to *California Labor*
14 *Code* § 203.

15    47.    Such a pattern, practice and uniform administration of unlawful corporate policy
16 regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff,
17 Class Members and Class Members for damages and wages owed, and for liquidated damages under
18 *California Labor Code* § 1194.2, penalties, interest, costs and attorneys' fees.

19                              **VII**

20                    **THIRD CAUSE OF ACTION**

21        **FAILURE TO PROVIDE MEAL BREAK PER LABOR CODE §226.7**

22    48.    Plaintiff realleges and incorporates herein by reference each and every allegation
23 contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24    49.    Labor Code §226.7 requires an employer to pay an additional hour of
25 compensation for each meal period the employer fails to provide. Employees are entitled to a meal
26 period of at least thirty (30) minutes per five (5) hour work period. Plaintiff and the class
27 consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the class are
28 entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of

1  employment.

2      50.    Defendants failed to provide Plaintiff and other hourly store employees with timely

3  meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant

4  rest and meal break liability period.

5      51.    Pursuant to *California Labor Code* § 226.7, Plaintiff and proposed class members are

6  entitled to damages in art amount equal to one (1) hour of wages per missed meal break, in a sum to

7  be proven at trial.

8                                        **VIII**

9                              **FOURTH CAUSE OF ACTION**

10   **FAILURE TO ALLOW REST BREAKS PURSUANT TO LABOR CODE §226.7**

11     52.    Plaintiff realleges and incorporates herein by reference each and every allegation

12  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13     53.    *California Labor Code* § 226.7 requires an employer to pay an additional hour (1) of

14  compensation for each rest period the employer fails to provide. Employees are entitled to a paid

15  ten (10) minute rest break for every four (4) hours worked or major fraction thereof. Plaintiff and

16  proposed class members consistently worked over four (4) hours per shift with no rest breaks.

17     54.    Defendants failed to provide Plaintiff and other hourly store employees with rest

18  breaks of not less than ten (10) minutes as required by the Labor Code during the relevant meal and

19  rest liability period.

20     55.    Pursuant to *California Labor Code* § 226.7, Plaintiff and proposed class members

21  are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum

22  to be proven at trial.

23                                        **IX**

24                               **FIFTH CAUSE OF ACTION**

25                      **FAILURE TO REIMBURSE BUSINESS EXPENSES**

26     56.    Plaintiff realleges and incorporates herein by reference each and every allegation

27  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28     57.    Pursuant to *California Labor Code* § 2802, Defendants are required to reimburse

                                          11

1  Plaintiff and proposed class members for expenses incurred during the performance of their job
2  duties.

3       58.    Plaintiff alleges that Defendant did not reimburse Plaintiff and other hourly store
4  employees for expenses incurred as a condition of the discharge of their employment duties.

5       59.    As a proximate result of this violation, Plaintiff and proposed class members have
6  been damaged in an amount according to proof at the time of trial.

7  X

8  **SIXTH CAUSE OF ACTION**

9  **VIOLATION OF LABOR CODE SECTION 226**

10      60.    Plaintiff realleges and incorporates herein by reference each and every allegation
11  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

12      61.    Section 226(a) of the *California Labor Code* requires defendants to itemize in
13  wage statements all deductions from payment of wages and to accurately report total hours
14  worked by Plaintiff and other hourly store employees. Defendants have knowingly and
15  intentionally failed to comply with. Labor Code §226(a) on each and every wage statement that
16  should have been provided to Plaintiff and proposed class members. By failing to keep adequate
17  records as required by §§ 226 and 1174(d) of the *California Labor Code*, Defendants have injured
18  Plaintiff and proposed class members and made it difficult to calculate the unpaid wages earned,
19  unpaid rest and meal period compensation, and losses and expenditures not indemnified by
20  Defendants (including wages, interest, and penalties thereon) due Plaintiff and proposed class
21  members.

22      62.    Section 1174 of the *California Labor Code* requires defendants to maintain and
23  preserve, in a centralized location, among other items, records showing the names and addresses of
24  all employees employed, payroll records showing the hours worked daily by and the wages paid to
25  its employees. Defendants have knowingly and intentionally failed to comply with *Labor Code* §
26  1174. Defendants', and each of them, failure to comply with *Labor Code* § 1174 is unlawful pursuant
27  to *Labor Code* § 1175.

28      63.    IWC Wage Orders 7-2001(7), 7-2000(7), require defendants to maintain time records

12

SECOND AMENDED CLASS ACTION COMPLAINT

1    showing, among other things, when the employee begins and ends each work period, meal periods,
2    split shift intervals and total daily hours worked in an itemized wage statements, and must
3    show all deductions and reimbursements from payment of wages, and accurately report total hours
4    worked by Plaintiff and other hourly store employees.

5        64.    Plaintiff and proposed class members request relief as described herein and below.

6                                                   XI

7                              **SEVENTH CAUSE OF ACTION**

8              **WAITING TIME PENALTIES UNDER LABOR CODE §203**

9        65.    Plaintiff realleges and incorporates herein by reference each and every allegation
10   contained in the preceding paragraphs of this Complaint as though fully set forth herein.

11       66.    Numerous proposed class members including Plaintiff are no longer employed by
12   Defendants. They were either terminated or quit Defendants' employ.

13       67.    Defendants' failure to pay wages, as alleged above was willful in that Defendants
14   and each of them knew wages to be due but failed to pay them, thus entitling the Plaintiff and
15   proposed class members to penalties under *Labor Code* § 203, which provides that an employee's
16   wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they
17   were due.

18       68.    Defendants have failed to pay employees a sum certain at the time of termination or
19   within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty
20   (30) days thereafter. Pursuant to the provisions of *Labor Code* §203, Plaintiff and proposed class
21   members are entitled to penalties in the amount of Plaintiff and proposed class members' daily wage
22   multiplied by thirty (30) days.

23                                                  XII

24                               **EIGHTH CAUSE OF ACTION**

25                        **UNFAIR COMPETITION PURSUANT TO**

26                     **BUSINESS & PROFESSIONS CODE §17200**

27       69.    Plaintiff realleges and incorporates herein by reference each and every allegation
28   contained in the preceding paragraphs of this Complaint as though fully set forth herein.

                                                    13
                        **SECOND AMENDED CLASS ACTION COMPLAINT**

70.     This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff **ELISA CORTEZ** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and proposed class members. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

71.     Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

72.     *Business & Profession Code* §17200, et seq. prohibits unlawful and unfair business practices.

73.     Wage and hour laws express fundamental public policies. Providing employees with wages, meal and/or rest breaks, and overtime are fundamental public policies of this State and of the United States. *Labor Code* § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

74.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of *Business & Profession Code* § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

75.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et. seq.* of the *Business & Professions Code.*

76.     Defendants by engaging in the conduct herein alleged, by failing to pay all wages due,

14

SECOND AMENDED CLASS ACTION COMPLAINT

1   not providing proper breaks or paying compensation in lieu thereof, failing to indemnify employees,

2   either knew or in the exercise of reasonable care should have known that the conduct was unlawful.

3   As such it is a violation of § 17200 et. seq. of the Business & Professions Code.

4        77.   As a proximate result of the above mentioned acts of defendants, Plaintiff and others

5   similarly situated have been damaged in a sum as may be proven.

6        78.   Unless restrained by this Court, Defendants will continue to engage in the

7   unlawful conduct as alleged above. Pursuant to *Business & Professions Code* this Court should make

8   such orders or judgments, including the appointment of a receiver, as may be necessary to

9   prevent the use or employment, by Defendants, their agents or employees, of any unlawful or

10  deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to,

11  disgorgement of profits which may be necessary to restore Plaintiff and the proposed class

12  members to the money Defendants have unlawfully failed to pay.

13  **XIII**

14  **NINTH CAUSE OF ACTION**

15  **PENALTIES PURSUANT TO LABOR CODE SECTION 2699**

16       79.   Plaintiff realleges and incorporates herein by reference each and every allegation

17  contained in the preceding paragraphs of this complaint as though fully set forth herein.

18       80.   Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as

19  prescribed by the *Labor Code* Private Attorneys General Act of 2004 on behalf of themselves and

20  other Class members against whom one or more of the violations of the *Labor Code* were

21  committed.

22       81.   On March 24, 2011, Plaintiff sent a certified letter to the Labor Workforce and

23  Development Agency ("LWDA") and Defendant, as prescribed by *Labor Code* § 2699.3 regarding

24  Plaintiff's claims for penalties pursuant to Labor Code section 203, meal and rest period violations,

25  minimum wage violations, wages and overtime, itemized wage statements, and  failure to reimburse

26  expenses. More than thirty-three (33) days have passed since the postmark date of that notice and the

27  LWDA has not indicated that it intends to investigate the alleged violations.  Therefore, pursuant to

28  *Labor Code* § 2699.3(a)(2)(A), Plaintiff may commence a civil action.

15

82.     Plaintiff and the putative class are entitled to penalties for the herein alleged violations, to be proven at the time of trial, allocated 75% to the LWDA and 25% to the affected employees, subject to the following formula:

a.     $100.00 for the initial violation per employee per pay period; and

b.     $200.00 for each subsequent violation per employee per pay period.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1.     That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 204, 510, 1194 and 1198 and the Wage Order by willfully failing to pay all wages and/or overtime wages due to Plaintiff and proposed class members;

2.     For general unpaid wages at regular wage rates and overtime at overtime wage rates and such general and special damages as may be appropriate;

3.     For liquidated damages, pursuant to *California Labor Code* § 1194.2;

4.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due; and

5.     For reasonable attorney's fees and costs of suit incurred herein pursuant to *California Labor Code* § 1194(a).

**AS TO THE SECOND CAUSE OF ACTION:**

1.     That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 1194, 1194.2 and 1197.1, by willfully failing to pay at least minimum wages for all hours worked by Plaintiff and Class Members;

2.     For unpaid wages due and owing as may be appropriate;

3.     For liquidated damages, pursuant to *California Labor Code* § 1194.2;

4.     For pre-judgment interest on any unpaid wages commencing from the date such amounts were due;

5.     For an injunction preventing further violation of *California Labor Code* 1194.5; and

16

6.      For reasonable attorney's fees and costs of suit incurred herein pursuant to *California Labor Code* § 1194(a).

**AS TO THE THIRD CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 226.7, 512 and 516 and the governing IWC Wage Order by failing to provide all meal periods (including second meal periods) to Plaintiff and proposed class members;

2.      That the Court make an award to the Plaintiff and proposed class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3.      For premiums pursuant to *California Labor Code* § 226.7(b); and

4.      For pre-judgment interest on any unpaid wages from the date such amounts were due.

**AS TO THE FOURTH CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* §§ 226.7 and 512 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and proposed class members;

2.      That the Court make an award to the Plaintiff and proposed class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

3.      For premiums pursuant to *California Labor Code* § 226.7(b); and

4.      For pre-judgment interest on any unpaid wages from the date such amounts were due.

**AS TO THE FIFTH CAUSE OF ACTION:**

1.      That the Court declare, adjudge, and decree that Defendants violated *California Labor Code* § 2802 and the Wage Order by failing to reimburse expenses to Plaintiff and proposed class members;

2.      That the Court make an award to the Plaintiff and proposed class members of reimbursement for the expenses that they incurred during their employment;

3.      For pre-judgment interest on any unpaid reimbursement of expenses from the date such amounts were due.

**SECOND AMENDED CLASS ACTION COMPLAINT**

1    4.    For reasonable attorneys' fees and costs of suit.

2    **AS TO THE SIXTH CAUSE OF ACTION:**

3    1.    That the Court declare, adjudge, and decree that Defendants violated the record

4    keeping provisions of *California Labor Code* § 226(a) as to Plaintiff and Class Members, and

5    willfully failed to provide accurate itemized wage statements thereto;

6    2.    For statutory penalties pursuant to *California Labor Code* § 226(e); and

7    3.    For civil penalties pursuant to *California Labor Code* §§ 226(a) and 226.3.

8    **AS TO THE SEVENTH CAUSE OF ACTION:**

9    1.    That the Court declare, adjudge, and decree that Defendants violated *California*

10   *Labor Code* §§ 201, 202 and 203 by willfully failing to pay all compensation owed at the time of

11   termination of the employment of Plaintiff and the Class Members;

12   2.    For statutory wage penalties pursuant to *California Labor Code* § 203 for Plaintiff

13   and all proposed class members who are no longer employed by Defendants; and

14   3.    For pre-judgment interest on any unpaid wages from the date such amounts were due.

15   **AS TO THE EIGHTH CAUSE OF ACTION:**

16   1.    That the Court declare, adjudge, and decree that Defendants violated *California*

17   *Business and Professions Code* §§ 17200, et seq. by failing to provide Plaintiff and proposed class

18   members all regular wages, overtime compensation and at least minimum wage for all hours

19   worked, failing to provide accurate itemized wage statements, failing to indemnify business

20   expenses, and failing to provide meal and rest breaks;

21   2.    For restitution of unpaid wages to Plaintiff and all proposed class members, and

22   prejudgment interest from the day such amounts were due and payable;

23   3.    For the appointment of a receiver to receive, manage and distribute any and all funds

24   disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

25   result of violations of *California Business and Professions Code* §§ 17200, *et seq.*; and

26   4.    For reasonable attorney's fees and costs of suit incurred herein pursuant to *California*

27   *Code of Civil Procedure* § 1021.5.

28

18

**SECOND AMENDED CLASS ACTION COMPLAINT**

**AS TO THE NINTH CAUSE OF ACTION:**

1.     That the Court declare, adjudge, and decree that Defendants' payroll practices as to Plaintiffs and the Class Members violated one or more sections of the *Labor Code*;

2.     For civil penalties pursuant to *Labor Code* § 2699; and

3.     Attorneys' fees and costs of suit pursuant to *Labor Code* § 2699(g)(1).

**AS TO ALL CAUSES OF ACTION:**

1.     For an order certifying the proposed Class;

2.     For an order appointing Plaintiff as the representative of the Class;

3.     For an order appointing counsel for Plaintiff as Class Counsel;

4.     For attorney's fees as provided for by law;

5.     For interest as provided by law;

6.     For compensatory damages, according to proof;

7.     For costs and suit herein incurred; and

8.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: April 27, 2011

LEVINE LAW GROUP, APC

By: _____

ELANA R. LEVINE
Attorneys for Plaintiff

SECOND AMENDED CLASS ACTION COMPLAINT

# EXHIBIT 4

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elana R. Levine, Esq. (234155) <br> Brian Levine, Esq. (251416) <br> Levine Law Group, APC <br> 17560 Ventura Boulevard, Suite 2030 <br> Encino, CA 91436 <br> TELEPHONE NO.: (818) 990-3400    FAX NO. *(Optional):* (818) 855-8040 <br> E-MAIL ADDRESS *(Optional):* brian@llglaw.com <br> ATTORNEY FOR *(Name):* Plaintiff, Elisa Cortez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk / Central District

PLAINTIFF/PETITIONER: Elisa Cortez, on behalf of herself and others

DEFENDANT/RESPONDENT: Best Buy Stores, LP

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> BC457866 |
|---|---|

TO *(insert name of party being served):* Best Buy Stores, LP

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 5, 2011

Brian Levine
_____            ►  _____
       (TYPE OR PRINT NAME)                       (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   1. Class Action Complaint;                          5. First Amended Class Action Complaint; and
   2. Summons;                                          6. Notice of Case Assignment
   3. Civil Case Cover Sheet;
   4. Civil Case Cover Sheet Addendum;

*(To be completed by recipient):*

Date this form is signed:

_____            ►  _____
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
     ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

# EXHIBIT 5

1  MORGAN, LEWIS & BOCKIUS LLP
2  BARBARA J. MILLER, State Bar No. 167223
   JENNIFER E. WHITE, State Bar No. 166504
   S. SEAN KUNDU, State Bar No. 252410
3  5 Park Plaza, Suite 1750
   Irvine, CA  92614
4  Tel:  949.399.7000
   Fax:  949.399.7001
5
   Attorneys for Defendant
6  BEST BUY STORES, L.P.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 13 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. LAFLEUR-CLAYTON

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11  ELISA CORTEZ on behalf of herself and          Case No. BC457866
    others similarly situated,
12                                                  Assigned For All Purposes To:
                       Plaintiffs,                  The Honorable Yvette M. Palazuelos
13                                                  Dept. 28
              vs.
14                                                  **DEFENDANT BEST BUY STORES, L.P.'S
    BEST BUY STORES, L.P., and DOES 1-             ANSWER TO PLAINTIFF'S FIRST
15  50 inclusive,                                   AMENDED COMPLAINT**
16                     Defendants.                  Complaint Filed:  March 24, 2011
                                                    Trial Date:       None Set
17

18

19

20          Defendant Best Buy Stores, L.P. ("Defendant"), by and through its undersigned counsel,
21  hereby answers the allegations contained in the unverified First Amended Complaint ("FAC")
22  brought by Plaintiff Elisa Cortez ("Plaintiff"), on behalf of herself and others similarly situated,
23  as follows:

24                              **GENERAL DENIAL**

25          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally
26  denies each and every material allegation set forth in the FAC.  Defendant specifically denies that
27  it is in any way liable to Plaintiff, or any putative member of the putative class, or that Plaintiff,
28  or any member of the putative class, has been damaged in any sum or sums.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

**DEFENSES**

Defendant also asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.     The FAC, and each alleged cause of action alleged therein, fails to state facts sufficient to state a claim upon which relief can be granted against Defendant.

**SECOND DEFENSE**

**(Statutes of Limitations)**

2.     The alleged claims are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, and 343, California Labor Code Section 203, and California Business and Professions Code Section 17208.

**THIRD DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.     Plaintiff's claims and of each putative class member she purports to represent are barred to the extent that she failed to exhaust their administrative remedies.

**FOURTH DEFENSE**

**(Action Unconstitutional)**

4.     Prosecution of a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

1

## **FIFTH DEFENSE**

2

### **(Adequate Remedy at Law)**

3      5.      The relief requested by Plaintiff and the proposed class members pursuant to

4   California Business and Professions Code Section 17200 should be denied because Plaintiff and

5   the proposed class members have an adequate remedy at law.

6

## **SIXTH DEFENSE**

7

### **(No Ascertainable Class)**

8      6.      The putative class that Plaintiff purports to represent, the existence of which is

9   expressly denied, is not ascertainable and, thus, no well-defined community of interest exists

10   among the putative class members.

11

## **SEVENTH DEFENSE**

12

### **(Individual Questions Predominate)**

13      7.      The types of claims alleged by the named Plaintiff on behalf of herself and the

14   putative class, the existence of which is expressly denied, are matters in which individual

15   questions predominate and, accordingly, are not appropriate for class treatment.

16

## **EIGHTH DEFENSE**

17

### **(Claims Not Common or Typical)**

18      8.      The claims alleged by the named Plaintiff are neither common to nor typical of

19   those, if any, of the alleged class Plaintiff purports to represent, the existence of which is

20   expressly denied.

21

## **NINTH DEFENSE**

22

### **(Inadequate Class Representative)**

23      9.      The alleged claims are barred, in whole or in part, as a class action because

24   Plaintiff does not meet the requirements for a class representative and is not an adequate

25   representative of the putative class.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1                                                3

## TENTH DEFENSE

### (Class Action Not Superior Method of Adjudication)

10.     The alleged claims are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

## ELEVENTH DEFENSE

### (No Compensable Work)

11.     Plaintiff's claims or those of any of the putative class members, and the claims are barred to the extent that some or all of certain hours and minutes claimed by Plaintiff and/or the putative class members are not "hours worked" within the meaning of any Wage Order of the California Industrial Welfare Commission and/or any applicable California law, so that minimum wages and/or overtime compensation need not be paid for those minutes or hours.

## TWELFTH DEFENSE

### (Conduct Reasonable and In Good Faith/Not Willful)

12.     If Defendant is found to have failed to pay Plaintiff or any putative class member any amount due, which allegations Defendant denies, then Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the California Labor Code.

## THIRTEENTH DEFENSE

### (Waiting Time Penalties)

13.     The FAC fails to state a claim for waiting time penalties under California Labor Code Section 203 in that some members of the putative class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

## FOURTEENTH DEFENSE

### (Good Faith Dispute about Wages Owed)

14.     Plaintiff's claims, and the claims of each putative class member, are barred to the extent that Defendant had a good faith and reasonable belief that Plaintiff and/or the putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

4

1    members were not owed any additional wages and/or compensation.  Defendant, therefore, did

2    not engage in the requisite willful or intentional conduct for "waiting time" penalties required

3    pursuant to California Labor Code Sections 203 and/or 1174.5.

4    **FIFTEENTH DEFENSE**

5    **(No Right to Reimbursement for Expenses)**

6    15.    Plaintiff's claims, and the claims of each putative class member, or some of them,

7    are barred to the extent Plaintiff and/or each putative class member did not necessarily incur

8    "expenditures and losses" as defined under California Labor Code Section 2802.  Defendant

9    further alleges that Plaintiff's claims, and the claims of each putative class member, or some of

10    them, are barred to the extent that any award of such expenditures and/or losses would unjustly

11    enrich Plaintiff and the putative class members.

12    **SIXTEENTH DEFENSE**

13    **(Business-Related Expenses Never Incurred)**

14    16.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff

15    or some or all of the putative class members did not incur business-related expenses that were

16    unreimbursed or such expenses were not reasonable and necessary.

17    **SEVENTEENTH DEFENSE**

18    **(De Minimis)**

19    17.    The FAC, and each purported cause of action contained therein, is barred in whole

20    or in part by the de minimis doctrine.

21    **EIGHTEENTH DEFENSE**

22    **(Due Process/Excessive Fine)**

23    18.    An award of penalties against Defendant would be an unconstitutional denial of

24    Defendant's right to due process and/or equal protection under the Fifth and Fourteenth

25    Amendments of the United States Constitution, the Excessive Fines Clause under the Eighth

26    Amendment of the United States Constitution, Articles I and IV of the California Constitution,

27    and other provisions of the United States and California Constitutions.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

## NINETEENTH DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

19.    Plaintiff or any of the putative class members are not entitled to recover any waiting time penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTIETH DEFENSE

### (Failure to Mitigate)

20.    Plaintiff's monetary claims, and the claims of the putative members of the putative class, are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

## TWENTY-FIRST DEFENSE

### (Lack of Standing)

21.    The claims of Plaintiff and the class they purport to represent are barred, in whole or in part, because Plaintiff lacks standing under California Business and Professions Code Section 17204 and the California Labor Code to bring these claims, and, therefore, cannot represent the interests of others as to each of the putative causes of action.

## TWENTY-SECOND DEFENSE

### (Not Aggrieved Employees under PAGA)

22.    Plaintiff's FAC, and each putative cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to bring claims for civil penalties on behalf of other individuals because she is not an "aggrieved employee" under PAGA.

## TWENTY-THIRD DEFENSE

### (No Exhaustion under PAGA)

23.    Plaintiff's FAC, and each putative cause of action alleged therein, is barred to the extent that Plaintiff failed to provide the California Labor Workforce Development Agency and/or any of the defendants named in this lawsuit with proper notification of the claims and/or the names of the putatively "aggrieved employees" on whose behalf Plaintiff intends to seek penalties under PAGA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

6

## TWENTY-FOURTH DEFENSE

### (Lack of Standing for Injunctive Relief)

24.    Plaintiff's FAC, and each putative cause of action alleged therein, fails to the extent Plaintiff seeks injunctive relief.  Given that Plaintiff is no longer performing any work for Defendant, there is no ongoing conduct with respect to Plaintiff that can be subject to injunctive relief.  As such, Plaintiff lacks standing to seek injunctive relief.

## TWENTY-FIFTH DEFENSE

### (Setoff and Recoupment)

25.    If any damages have been sustained by Plaintiff and/or any member of the putative class she purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-SIXTH DEFENSE

### (Unclean Hands)

26.    The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SEVENTH DEFENSE

### (Estoppel)

27.    The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## TWENTY-EIGHTH DEFENSE

### (Waiver)

28.    Plaintiff and the putative class members have waived, discharged, and/or abandoned the right by reason of their conduct and actions to assert the claims alleged in the FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

1

### TWENTY-NINTH DEFENSE

2

### (Representative PAGA Claim/Due Process )

3       29.     Prosecution of the purported PAGA claims on a representative basis, based upon

4   the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right

5   to due process under the provisions of the United States and California Constitutions.

6

### THIRTIETH DEFENSE

7

### (Release Through Prior Settlement and/or Severance Agreement)

8       30.     To the extent that Plaintiff or any putative class member entered into any

9   individual settlement and/or severance agreement, or was covered by and did not opt out of the

10  terms of one or more prior class action settlement involving Best Buy Stores, L.P., including, but

11  not limited to, *Tse v. Best Buy Co., Inc.,* U.S.D.C., Central District Case No. CV 07-02791 R (Ex)

12  and *Kurihara v. Best Buy Co., Inc.,* U.S.D.C., Northern District Case No. C-06-01884 MHP

13  (EMC), any such individual has released some or all of the claims alleged in the FAC.

14

### RESERVATION OF RIGHTS

15      31.     Defendant has not completed its investigation of the facts of this case, has not

16  completed discovery in this matter, and has not completed its preparation for trial.  The defenses

17  asserted herein are based on Defendant's knowledge, information, and belief at this time, and

18  Defendant specifically reserves the right to modify, amend, or supplement any defense contained

19  herein at any time.  In addition, Defendant presently has insufficient knowledge or information as

20  to whether it may have additional, yet unasserted, defenses.  Defendant therefore reserves the

21  right to assert such additional defenses that may appear and prove applicable during the course of

22  this litigation.

23      WHEREFORE, Defendant prays for judgment as follows:

24      1.      That the Court deny Plaintiff's request to certify this action as a class action;

25      2.      That Plaintiff takes nothing by reason of the FAC on file herein and that the FAC

26  be dismissed with prejudice;

27      3.      That judgment be entered in favor of Defendant and against Plaintiff on all causes

28  of action contained in the FAC;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

8

4.      That Defendant be awarded its costs of suit incurred herein;

5.      That Defendant be awarded its attorneys' fees incurred by this action; including under, but not limited to, Section 218.5 of the Labor Code; and

6.      That the Court award Defendant such other and further relief as it deems just and proper.

Dated: June 1 3, 2011

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER
JENNIFER E. WHITE
S. SEAN KUNDU

By

Jennifer White
Attorneys for Defendant
BEST BUY STORES, L.P.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

*Elisa Cortez v. Best Buy Stores, L.P.*
*Los Angeles Superior Court Case No. BC457866*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On June 13, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT BEST BUY STORES, L.P.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

[ ]   **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]   **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by Time Machine Network, Inc. to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ]   **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on June 13, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

1

2      [ ]     **BY E-FILE:**  I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

3

4

| | Attorneys for Plaintiff |
|---|---|
| Elana R. Levine, Esq.<br>Brian Levine, Esq.<br>LEVINE LAW GROUP, APC<br>15760 Ventura Blvd., Suite 2030<br>Encino, CA 91436<br>Telephone:  818.990.3400<br>Facsimile:  818.855.8040<br>lani@llglaw.com<br>brian@llglaw.com | |

11

12      [ X ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

13      [ ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

14

15      Executed on June 13, 2011, at Irvine, California.

16

17                          _Diane Ghani_
                           Diane Ghani

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22494203.1

# EXHIBIT 6

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, SBN 167223
barbara.miller@morganlewis.com
JENNIFER E. WHITE, SBN 166504
jennifer.white @morganlewis.com
S. SEAN KUNDU, SBN 252410
skundu@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendant
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CORTEZ on behalf of herself and others similarly situated; | Case No. |
| Plaintiffs, | **DECLARATION OF SUZAN DENISE MCGINNIS IN SUPPORT OF DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| BEST BUY STORES, L.P; and DOES 1 through 50, inclusive, | |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22494196.1

DECLARATION OF SUZAN DENISE MCGINNIS

## DECLARATION OF SUZAN DENISE MCGINNIS

I, Suzan Denise McGinnis, declare that:

1.      I am the Director, Ethics & Compliance for Best Buy Stores, L.P.  I am employed by Best Buy Enterprise Services, Inc., which provides legal services to Best Buy Stores, L.P. through an inter company agreement.  If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2.      I work at the headquarters for Best Buy Stores, L.P. in Richfield, Minnesota.  I regularly see the executives of Best Buy Stores, L.P. at the Minnesota headquarters where I work.

3.      Best Buy Stores, L.P. is a Limited Partnership organized and existing under the laws of the State of Virginia with its headquarters in Minnesota.  Best Buy Stores, L.P.'s headquarters, which operates as its "nerve center" and principal place of business, is located at 7601 Penn Avenue – South, Richfield, Minnesota 55423.  Best Buy Stores, L.P. holds its Richfield campus out to the public as its corporate headquarters.  Best Buy Stores, L.P.'s high-level management team is based in Minnesota and directs its business from the Minnesota headquarters.  The majority of Best Buy Stores, L.P.'s executive and administrative functions take place in Minnesota.  The greater part of Best Buy Stores, L.P.'s domestic administrative functions (including payroll, accounting, purchasing, marketing, and information systems) are located in Minnesota.  Best Buy Stores, L.P. holds itself out to the public as having its corporate headquarters in Minnesota.

4.      BBC Property Co. and BBC Investment Co. are the general and limited partners of Best Buy Stores, LP respectively.

5.      BBC Property Co. is a Minnesota Corporation with its principal place business in Minnesota.  The majority of BBC Property Co.'s executive and administrative functions take place in Minnesota.  The greater part of BBC Property

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

DECLARATION OF SUZAN DENISE MCGINNIS

DB2/ 22494196.1

Co.'s domestic administrative functions are located in Minnesota.

6.    BBC Investment Co. is a Nevada Corporation with its principal place of business in Minnesota.  The majority of BBC Investment Co.'s executive and administrative functions take place in Minnesota.  The greater part of BBC Investment Co.'s domestic administrative functions are located in Minnesota.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13 day of June 2011 at Richfield, Minnesota.

SUZAN DENISE MCGINNIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DECLARATION OF SUZAN DENISE MCGINNIS

DB2/ 22494196.1

# EXHIBIT 7

1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER, SBN 167223
2  barbara.miller@morganlewis.com
   JENNIFER E. WHITE, SBN 166504
3  jennifer.white @morganlewis.com
   S. SEAN KUNDU, SBN 252410
4  skundu@morganlewis.com
   5 Park Plaza, Suite 1750
5  Irvine, CA 92614
   Tel: 949.399.7000
6  Fax: 949.399.7001

7
   Attorneys for Defendants
8  BEST BUY STORES, L.P.

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12  ELISA CORTEZ on behalf of herself        Case No.
    and others similarly situated;
13                                           **DECLARATION OF BONNY**
            Plaintiffs,                      **NELSON IN SUPPORT OF**
14                                           **DEFENDANT BEST BUY STORES,**
       vs.                                   **L.P.'S NOTICE OF REMOVAL OF**
15                                           **ACTION**
    BEST BUY STORES, L.P.; and
16  DOES 1 through 50, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
    IRVINE

DB1/ 67472646.2

                        DECLARATION OF BONNY NELSON

# DECLARATION OF BONNY NELSON

I, Bonny Nelson, hereby declare as follows:

1.      I am the Payroll Manager for Best Buy Stores, L.P.  The facts stated herein are known to me based on my personal knowledge and on the business records of Best Buy Stores, L.P. ("Best Buy Stores").  If called to testify, I could and would competently testify to the following.

2.      From March 24, 2007 to May 16, 2011 ("relevant time period"), Best Buy Stores has employed approximately 4,178 hourly employees at its California store locations in District 61.  Of these, 4,178 hourly employees, 976 were or are full-time employees, and 3,202 were part-time employees.  The part-time employees worked shifts of at least 4 hours.  From March 24, 2008 to May 16, 2011, approximately 1,797 hourly employees at Best Buy Stores' California store locations in District 61 ceased employment with Best Buy Stores.  Of these employees, 247 were full-time employees and 1,550 were part-time employees.

3.      The lowest hourly wage for Best Buy Stores' full-time hourly employees in District 61 during the relevant time period was $8.75/hour.  The lowest hourly wage for Best Buy Stores' part-time hourly employees in District 61 during the relevant time period was $8.00/hour.  The average hourly wage for Best Buy Stores' full-time hourly employees in District 61 during the relevant time period was $14.73/hour.  The average hourly wage for Best Buy Stores' part-time hourly employees in District 61 during the relevant time period was $10.48/hour.

4.      From March 24, 2010 to May 16, 2011, Best Buy Stores has employed at least 2,331 hourly employees in District 61.  There have been at least 31 pay periods since this time.  Not all of these employees worked every pay periods since March 24, 2010.  Accordingly, the breakdown of how many pay periods these employees worked is provided as follows: 1,597 of these employees worked for at least 31 pay periods; 2 employees worked at least 30 pay periods; 10 employees worked at least 29 pay periods; 18 employees worked at least 28 pay periods; 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

DECLARATION OF BONNY NELSON

DB1/ 67472646.2

employees worked at least 27 pay periods; 22 employees worked at least 26 pay periods; 20 employees worked at least 25 pay periods; 22 employees worked at least 24 pay periods; 16 employees worked at least 23 pay periods; 23 employees worked at least 22 pay periods; 215 employees worked at least 21 pay periods; 33 employees worked at least 20 pay periods; 21 employees worked at least 19 pay periods; 16 employees worked at least 18 pay periods; 22 employees worked at least 17 pay periods; 29 employees worked at least 16 pay periods; 27 employees worked at least 15 pay periods; 20 employees worked at least 14 pay periods; 17 employees worked at least 13 pay periods; 14 employees worked at least 12 pay periods; 20 employees worked at least 11 pay periods; 25 employees worked at least 10 pay periods; 13 employees worked at least 9 pay periods; 15 employees worked at least 8 pay periods; 23 employees worked at least 7 pay periods; 13 employees worked at least 6 pay periods; 13 employees worked at least 5 pay periods; 18 employees worked at least 4 pay periods; 13 employees worked at least 3 pay periods; 11 employees worked at least 2 pay periods; and 9 employees worked at least 1 pay period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this /4th day of June 2011 at Richfield, Minnesota.

BONNY NELSON

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

DECLARATION OF
BONNY NELSON

DB1/ 67472646.2

# EXHIBIT 8

1  LEVINE LAW GROUP, APC
2  ELANA R. LEVINE (State Bar No. 234155)
   BRIAN LEVINE (State Bar No. 251416)
3  15760 Ventura Blvd. Suite 2030
   Encino, California 91436
4  Telephone: (818) 990-3400/Facsimile (818) 855-8040
5  *Attorneys for Plaintiff*
6
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 1 3 2011

John A. Clarke, Executive Officer/Clerk
BY_____,Deputy
          Nancy Alvarez

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  ELISA CORTEZ, | Case No.:  BC457866 |
| 11 | **PEREMPTORY CHALLENGE DECLARATION PURSUANT TO *C.C.P.* SECTION 170.6** |
| 12                     Plaintiffs, | |
| 13  v. | |
| 14  BEST BUY STORES LP, et al | DEPT: 24 |
| 15                     Defendants. | JUDGE: Robert L. Hess |
| 16 | |
| 17 | |

18     I, ELANA R. LEVINE, hereby declare and state as follows:

19     1.     I am an attorney at law duly licensed to practice before all courts of the State of

20  California and represent the plaintiff in the above-entitled action.

21     2.     That Judge Robert L. Hess, the Judge before whom the trial of the aforesaid

22  action is assigned, is prejudiced against the Plaintiffs (or Plaintiff's attorney) or the interests of

23  the Plaintiffs (or Plaintiff's attorney) so that affiant cannot, or believes they cannot, have a fair

24  and impartial trial or hearing before such Judge.

25     **WHEREFORE**, it is requested that the Honorable Robert L. Hess, be recused under

26  *C.C.P.* section 170.6 from hearing any matter in this action.

27

28                                      1

       PEREMPTORY CHALLENGE PURSUANT TO C.C.P. SECTION 170.6

1   I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct, and I could and would competently testify thereto if called as a

3   witness herein.

4

5   Executed this 13th day of April 2011 at Encino, California.

6

7

8   ELANA R. LEVINE
    Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PEREMPTORY CHALLENGE PURSUANT TO C.C.P. SECTION 170.6

**PROOF OF SERVICE)**
[CCP 1013(a)(3)]
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 15760 Ventura Boulevard, Suite 2030, Encino, California 91436.

On April 13, 2011, I served all interested parties in this action the following documents described as **PEREMPORY CHALLENGE DECLARATION PURSUANT TO C.C.P. SECTION 170.6** by mailing a true copy thereof addressed as follows:

Best Buy Stores, LP
7601 Penn Street South
Richfield, MN 55423

Best Buy Stores, LP
c/o CT Corporation System, registered agent
818 W 7th St. #200
Los Angeles, CA 90017

[XX]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]  (BY EMAIL) Based on an agreement by the parties, I caused the transmission of these documents by electronic transmission.

[XX]  (STATE) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: April 13, 2011                          LEVINE LAW GROUP, APC

                                               ELANA R. LEVINE

1
PROOF OF SERVICE

**FILED**
LOS ANGELES SUPERIOR COURT

APR 13 2011

JOHN A. CLARKE, CLERK
BY DARNELLA SMITH, DEPUTY

1   LEVINE LAW GROUP, APC
2   ELANA R. LEVINE (State Bar No. 234155)
    BRIAN LEVINE (State Bar No. 251416)
3   15760 Ventura Blvd. Suite 2030
    Encino, California 91436
4   Telephone: (818) 990-3400/Facsimile (818) 855-8040

5   *Attorneys for Plaintiff*

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10  ELISA CORTEZ,                          ) Case No.: BC457866
                                           )
11                                         ) **PEREMPTORY CHALLENGE**
                                           ) **DECLARATION PURSUANT TO** *C.C.P.*
12                            Plaintiffs,  ) **SECTION 170.6**
                                           )        (By fax)
13  v.                                     )
                                           )
14  BEST BUY STORES LP, et al              ) DEPT: 24
                                           ) JUDGE: Robert L. Hess
15                            Defendants.  )
                                           )
16                                         )
                                           )
17                                         )

18      I, ELANA R. LEVINE, hereby declare and state as follows:

19      1.      I am an attorney at law duly licensed to practice before all courts of the State of

20  California and represent the plaintiff in the above-entitled action.

21      2.      That Judge Robert L. Hess, the Judge before whom the trial of the aforesaid

22  action is assigned, is prejudiced against the Plaintiffs (or Plaintiff's attorney) or the interests of

23  the Plaintiffs (or Plaintiff's attorney) so that affiant cannot, or believes they cannot, have a fair

24  and impartial trial or hearing before such Judge.

25      **WHEREFORE**, it is requested that the Honorable Robert L. Hess, be recused under

26  *C.C.P.* section 170.6 from hearing any matter in this action.

27

28                                         1

        PEREMPTORY CHALLENGE PURSUANT TO C.C.P. SECTION 170.6

04/13/2011  16:24   818-855-8040      LEVINE LAW GROUP,APC        PAGE  03/04

1    I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct, and I could and would competently testify thereto if called as a

3   witness herein.

4

5      **Executed this 13th day of April 2011 at Encino, California.**

6

7

8                     ELANA R. LEVINE
                     Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                         2

PEREMPTORY CHALLENGE PURSUANT TO C.C.P. SECTION 170.6

1
2
3

**PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4        I am employed in the County of Los Angeles, State of California. I am over the age of 18
5   years and not a party to the within action. My business address is 15760 Ventura Boulevard,
    Suite 2030, Encino, California 91436.

6        On April 13, 2011, I served all interested parties in this action the following documents
7   described as **PEREMPORY CHALLENGE DECLARATION PURSUANT TO C.C.P.**
    **SECTION 170.6** by mailing a true copy thereof addressed as follows:

8
9   Best Buy Stores, LP
    7601 Penn Street South
10  Richfield, MN 55423

11  Best Buy Stores, LP
12  c/o CT Corporation System, registered agent
    818 W 7th St. #200
13  Los Angeles, CA 90017

14  [XX]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing
15  correspondence for mailing.  Under that practice it would be deposited with U.S. postal service
    on that same day with postage fully prepaid at Encino, California in the ordinary course of
16  business.  I am aware that on motion of the party served, service is presumed invalid if postal
    cancellation date or postage meter date is more than one day after date of deposit for mailing in
17  affidavit.

18
    [   ] (BY EMAIL) Based on an agreement by the parties, I caused the transmission of these
19  documents by electronic transmission.

20  [XX]  (STATE) I declare under the penalty of perjury under the laws of the State of California
21  that the above is true and correct.

22
23  Dated: April 13, 2011              LEVINE LAW GROUP, APC

24
25                                     ELANA R. LEVINE

26
27
28

1
PROOF OF SERVICE

04/28/2011   09:57   818-855-8040          LEVINE LAW GROUP,APC              PAGE   02/05

1    LEVINE LAW GROUP, APC
2    ELANA R. LEVINE (State Bar No. 234155)
     BRIAN LEVINE (State Bar No. 251416)
3    15760 Ventura Blvd. Suite 2030
     Encino, California 91436
4    Telephone: (818) 990-3400/Facsimile (818) 855-8040
5
     *Attorneys for Plaintiff*
6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     FOR THE COUNTY OF LOS ANGELES
10
     ELISA CORTEZ,                    )  Case No.:  BC457866
11                                    )
                                      )  **NOTICE OF JUDICIAL**
12                    Plaintiffs,     )  **REASSIGNMENT**
                                      )
13   v.                               )
                                      )  JUDGE: Yvette M. Palazuelos
14   BEST BUY STORES LP, et al        )  DEPT:   28
                                      )
15                    Defendants.     )
                                      )
16                                    )
                                      )
17                                    )

18   **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

19       PLEASE TAKE NOTICE that the above-captioned litigation has been reassigned to the

20   Honorable Yvette M. Palazuelos in Department 28 for all further proceedings.  A true and

21   correct copy of the Court's Order is attached hereto as Exhibit 1.

22

23   DATED: April 27, 2011              LEVINE LAW GROUP, APC

24

25                              By: _____
26                                   ELANA R. LEVINE
                                     Attorneys for Plaintiff
27

28                                      1

FILED
LOS ANGELES SUPERIOR COURT

APR 28 2011

JOHN A. CLARKE, CLERK
BY DARNELLA SMITH, DEPUTY

04/28/2011  09:57    818-855-8040              LEVINE LAW GROUP,APC              PAGE  03/05

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/25/11                                                            DEPT.  1

HONORABLE CAROLYN B. KUHL          JUDGE    B. GREGG              DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR

                 J. O'NEAL, C.A.   Deputy Sheriff   NONE                     Reporter

3:31 pm | BC457866                         Plaintiff    NO APPEARANCE
                                            Counsel
          ELISA CORTEZ
                                            Defendant   NO APPEARANCE
                      VS                     Counsel
          BEST BUY STORES LP
          170.6 Judge Hess--Pltf

---

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the
above matter is reassigned from Department 24, Judge
Robert Hess to Department 28, Judge Yvette M.
Palazuelos for further proceedings.

If any appearing party has not yet exercised
a peremptory challenge under 170.6 CCP, peremptory
challenges by them to the newly assigned judge must be
timely filed within the 10 day period specified in
Section 170.6 CCP, with extensions of time pursuant
to CCP 1013 if service is by mail.  Previously non-
appearing parties, if any, have a 15-day statutory
period from first appearance to file a peremptory
challenge (68616(1) Govt. Code).

Moving party to give notice to all parties.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
4-25-2011 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope

                    Page   1 of   2   DEPT.  1

                         EXHIBIT

MINUTES ENTERED
04/25/11
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/25/11 | | | DEPT. 1 |
|---|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | B. GREGG | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| J. O'NEAL, C.A. | Deputy Sheriff | NONE | Reporter |

| 3:31 pm | BC457866 | Plaintiff Counsel | NO APPEARANCE |
|---|---|---|---|
| | ELISA CORTEZ | | |
| | VS | Defendant Counsel | NO APPEARANCE |
| | BEST BUY STORES LP | | |
| | 170.6 Judge Hess--Pltf | | |

**NATURE OF PROCEEDINGS:**

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 4-25-2011

John A. Clarke, Executive Officer/Clerk

By: B. GREGG_____

      Levine Law Group
      15760 Ventura Bl
      Suite 2030
      Encino, CA 91436

Page    2 of    2    DEPT. 1

MINUTES ENTERED
04/25/11
COUNTY CLERK

1

2

3

**PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4      I am employed in the County of Los Angeles, State of California. I am over the age of 18

5  years and not a party to the within action.  My business address is 15760 Ventura Boulevard, Suite 2030, Encino, California 91436.

6      On April 28, 2011, I served all interested parties in this action the following documents

7  described as **NOTICE OF JUDICIAL REASSIGNMENT** by mailing a true copy thereof

8  addressed as follows:

9  Best Buy Stores, LP
   7601 Penn Street South

10 Richfield, MN 55423

11 Best Buy Stores, LP
   c/o CT Corporation System, registered agent

12 818 W 7th St. #200

13 Los Angeles, CA 90017

14 [XX]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing

15 correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of

16 business.  I am aware that on motion of the party served, service is presumed invalid if postal

17 cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19 [  ] (BY EMAIL) Based on an agreement by the parties, I caused the transmission of these documents by electronic transmission.

20 [XX]  (STATE) I declare under the penalty of perjury under the laws of the State of California

21 that the above is true and correct.

22

23 Dated: April 28, 2011

                                    LEVINE LAW GROUP, APC
24

25

26                                  BRIAN LEVINE

27

28

                                         1

04/28/2011  10:08   818-855-8040                    LEVINE LAW GROUP, APC              PAGE   01/05

MC-005

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Elana R. Levine (SBN 234155)
Levine Law Group, APC
15760 Ventura Blvd., Suite 2030
Encino, CA 91436
TELEPHONE NO.: (818) 990-3400   FAX NO. (Optional): (818) 855-8040
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, Elisa Cortez

FOR COURT USE ONLY

*duplicate*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk, Central District

PLAINTIFF/PETITIONER: Elisa Cortez

DEFENDANT/RESPONDENT: Best Buy Stores, LP

FACSIMILE TRANSMISSION COVER SHEET

CASE NUMBER:
BC457866

TO THE COURT:

1. Please file the following transmitted documents in the order listed below:

| Document name | No. of pages |
|---|---|
| Notice of Judicial Reassignment | 4 |

2. ☐ Processing instructions consisting of: _____ pages are also transmitted.

3. ☐ Fee required   ☐ Filing fee   ☐ Fax fee (Cal. Rules of Court, rule 10.815)
   a. ☐ Credit card payment I authorize the above fees and any amount imposed by the card issuer or draft purchaser to be charged to the following account:
   ☐ VISA  ☑ MASTERCARD   Account No.: 5322013000040744   Expiration date: 12/11

Elana Levine
(TYPE OR PRINT NAME OF CARDHOLDER)

▶ _Elana Levine_
(SIGNATURE OF CARDHOLDER)

b. ☐ Attorney account (Cal. Rules of Court, rule 2.304). Please charge my account no.:

Form Adopted for Mandatory Use
Judicial Council of California
MC-005 [Rev. January 1, 2007]

**FACSIMILE TRANSMISSION COVER SHEET**
(Fax Filing)

Page 1 of 1

Cal. Rules of Court, rule 2.304
www.courtinfo.ca.gov

1 | LEVINE LAW GROUP, APC
2 | ELANA R. LEVINE (State Bar No. 234155)
| BRIAN LEVINE (State Bar No. 251416)
3 | 15760 Ventura Blvd. Suite 2030
| Encino, California 91436
4 | Telephone: (818) 990-3400/Facsimile (818) 855-8040
5
| *Attorneys for Plaintiff*
6
7
8 |            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 |                **FOR THE COUNTY OF LOS ANGELES**
10
| ELISA CORTEZ,                         )  Case No.: BC457866
11 |                                      )
|                                       )  **NOTICE OF JUDICIAL**
12 |                         Plaintiffs,  )  **REASSIGNMENT**
|                                       )
13 | v.                                   )
|                                       )  JUDGE: Yvette M. Palazuelos
14 | BEST BUY STORES LP, et al            )  DEPT:  28
|                                       )
15 |                         Defendants.  )
|                                       )
16 |                                      )
|                                       )
17 |                                      )
|                                      )
18 |        **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**
19 |            PLEASE TAKE NOTICE that the above-captioned litigation has been reassigned to the
20 | Honorable Yvette M. Palazuelos in Department 28 for all further proceedings.  A true and
21 | correct copy of the Court's Order is attached hereto as Exhibit 1.
22
23 | DATED: April 27, 2011              LEVINE LAW GROUP, APC
24
25 |                                    By: _____
26 |                                        ELANA R. LEVINE
|                                         Attorneys for Plaintiff
27
28
|                                        1
|                        NOTICE OF JUDICIAL REASSIGNMENT

04/28/2011  10:08   818-855-8040          LEVINE LAW GROUP, APC          PAGE  03/05

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/25/11

**DEPT.  1**

HONORABLE CAROLYN B. KUHL          JUDGE   B. GREGG          DEPUTY CLERK

HONORABLE          JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

J. O'NEAL, C.A.          Deputy Sheriff   NONE          Reporter

3:31 pm | BC457866          Plaintiff          NO APPEARANCE
                                               Counsel

ELISA CORTEZ
                                               Defendant          NO APPEARANCE
                    VS                         Counsel
BEST BUY STORES LP
170.6 Judge Hess--Pltf

---

NATURE OF PROCEEDINGS:

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned from Department 24, Judge Robert Hess to Department 28, Judge Yvette M. Palazuelos for further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 10 day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if service is by mail.  Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice to all parties.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 4-25-2011 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope

Page   1 of   2   DEPT.  1

**EXHIBIT**

MINUTES ENTERED
04/25/11
COUNTY CLERK

04/28/2011  10:08   818-855-8040          LEVINE LAW GROUP,APC                PAGE  04/05

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/25/11

HONORABLE  CAROLYN B. KUHL          JUDGE   B. GREGG          DEPT.  1

HONORABLE                           JUDGE PRO TEM          DEPUTY CLERK

                                                           ELECTRONIC RECORDING MONITOR

       J. O'NEAL, C.A.          Deputy Sheriff   NONE          Reporter

3:31 pm | BC457866                    Plaintiff    NO APPEARANCE
                                      Counsel
        ELISA CORTEZ
                                      Defendant   NO APPEARANCE
                  VS                  Counsel
        BEST BUY STORES LP
        170.6 Judge Hess--Pltf

NATURE OF PROCEEDINGS:

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 4-25-2011

John A. Clarke, Executive Officer/Clerk

By: B. GREGG _____

    Levine Law Group
    15760 Ventura Bl
    Suite 2030
    Encino, CA 91436

04/28/11

MINUTES ENTERED
04/25/11
COUNTY CLERK

04/28/2011  10:08   818-855-8040                    LEVINE LAW GROUP, APC                    PAGE  05/05

**PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 15760 Ventura Boulevard, Suite 2030, Encino, California 91436.

On April 28, 2011, I served all interested parties in this action the following documents described as **NOTICE OF JUDICIAL REASSIGNMENT** by mailing a true copy thereof addressed as follows:

Best Buy Stores, LP
7601 Penn Street South
Richfield, MN 55423

Best Buy Stores, LP
c/o CT Corporation System, registered agent
818 W 7th St. #200
Los Angeles, CA 90017

[XX] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ] (BY EMAIL) Based on an agreement by the parties, I caused the transmission of these documents by electronic transmission.

[XX] (STATE) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: April 28, 2011

                                        LEVINE LAW GROUP, APC


                                        BRIAN LEVINE

# EXHIBIT 9

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brian Levine, Esq. (SBN 251416)
Levine Law Group, APC
15760 Ventura Boulevard, Suite 2030
Encino, CA 91436
　TELEPHONE NO.: (818) 990-3400　　FAX NO. (Optional): (818) 855-8040
E-MAIL ADDRESS (Optional): brian@llglaw.com
ATTORNEY FOR (Name): Plaintiff, Elisa Cortez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
　STREET ADDRESS: 111 North Hill Street
　MAILING ADDRESS: 111 North Hill Street
　CITY AND ZIP CODE: Los Angeles, CA 90012
　BRANCH NAME: Stanley Mosk / Central District

PLAINTIFF/PETITIONER: Elisa Cortez

DEFENDANT/RESPONDENT: Best Buy Stores, L.P., et al.

CASE NUMBER:
BC457866

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✓] summons

   b. [✓] complaint

   c. [✓] Alternative Dispute Resolution (ADR) package

   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✓] other *(specify documents):* First Amended Complaint; and Notice of Case Assignment

   *(By Fax)*

3. a. Party served *(specify name of party as shown on documents served):*
      Best Buy Stores, L.P.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      S. Sean Kundu, Esq.

4. Address where the party was served:
   Morgan Lewis & Bockius LLP, 5 Park Plaza, Suite 1750, Irvine, CA 92614

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*　　　　(2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*　　at *(time):*　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　from *(city):*　　or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Elisa Cortez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Best Buy Stores, L.P., et al. | BC457866 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* May 5, 2011       (2) from *(city):* Encino

    (3) ☑ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☑ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* Best Buy Stores, L.P.

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☑ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)        ☐ 415.46 (occupant)

                      ☐ other:

7. **Person who served papers**

  a. Name: Brian Levine

  b. Address: 15760 Ventura Boulevard, Suite 2030, Encino, CA 91436

  c. Telephone number: (818) 990-3400

  d. **The fee** for service was: $ 0

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: May 23, 2011

Brian Levine
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]               **PROOF OF SERVICE OF SUMMONS**            Page 2 of 2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Elana R. Levine, Esq. (234155)<br>Brian Levine, Esq. (251416)<br>Levine Law Group, APC<br>17560 Ventura Boulevard, Suite 2030<br>Encino, CA 91436<br>TELEPHONE NO: (818) 990-3400   FAX NO *(Optional)*: (818) 855-8040<br>E-MAIL ADDRESS *(Optional)*: brian@llglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Elisa Cortez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk / Central District

PLAINTIFF/PETITIONER: Elisa Cortez, on behalf of herself and others

DEFENDANT/RESPONDENT: Best Buy Stores, LP

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER<br>BC457866 |
|---|---|

TO *(insert name of party being served)*: Best Buy Stores, LP

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 5, 2011

Brian Levine
_____
(TYPE OR PRINT NAME)                                      ► _____
                                                                         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

    1. Class Action Complaint;         5. First Amended Class Action Complaint
    2. Summons;                  6. Notice of Case Assignment
    3. Civil Case Cover Sheet;
    4. Civil Case Cover Sheet Addendum;
*(To be completed by recipient):*

Date this form is signed: 5 / 23 / 2011

Barbara J. Miller, Attorney for Best Buy Stores, LP   ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**PROOF OF SERVICE**
**[CCP 1013(a)(3)]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 15760 Ventura Boulevard, Suite 2030, Encino, California 91436.

On May 23, 2011, I served all interested parties in this action the following documents described as **PROOF OF SERVICE OF SUMMONS** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

S. Sean Kundu, Esq.
Barbara J. Miller, Esq.
Morgan Lewis Bockius, LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

[XX]   (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]   (STATE) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: May 23, 2011                               LEVINE LAW GROUP, APC

                                                           ELANA R. LEVINE

# EXHIBIT 10

LEVINE LAW GROUP, APC
ELANA R. LEVINE (State Bar No. 234155)
BRIAN LEVINE (State Bar No. 251416)
15760 Ventura Blvd. Suite 2030
Encino, California 91436
Telephone: (818) 990-3400/Facsimile (818) 855-8040

*Attorneys for Plaintiff*

RECEIVED
MAY 0 9 2011
MORGAN, LEWIS & BOCKIUS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ELISA CORTEZ, et al., | Case No.: BC457866 |
| | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| Plaintiffs, | |
| v. | |
| BEST BUY STORES LP, et al | DATE: August 11, 2011 |
| | TIME: 8:45 a.m. |
| Defendants. | DEPT: 28 |

PLEASE TAKE NOTICE that the court set a Case Management Conference for August 11, 2011 at 8:45 a.m. in Department 28 of the above-entitled court at 111 N. Hill Street, Los Angeles, CA 90012.  Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Case Management Conference.  Plaintiff was ordered to give notice.

Dated May 6, 2011                                    LEVINE LAW GROUP, APC

By: *Elana Levine*
ELANA R. LEVINE
Attorney for Plaintiff

1

NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE SENT TO:

Levine, Elana R.
Levine Law Group, APC
15760 Ventura Blvd., Suite 2030
Encino        CA   91436

ORIGINAL FILED

APR 2 8 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ELISA CORTEZ | Plaintiff(s), | CASE NUMBER |
| VS. | | BC457866 |
| BEST BUY STORES LP | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  August 11, 2011  at  8:45 am  in  Dept. 28  at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:       THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  April 28, 2011

_____ Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date:  April 28, 2011

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk
**VERONICA SOLIS**

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

**EXHIBIT** 1

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1

**PROOF OF SERVICE**

2

**[CCP 1013(a)(3)]**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 15760 Ventura Boulevard,

5   Suite 2030, Encino, California 91436.

6        On May 6, 2011, I served all interested parties in this action the following documents

7   described as **NOTICE OF CASE MANAGEMENT CONFERENCE** by mailing a true copy thereof addressed as follows:

8

9   S. Sean Kundo
    Morgan Lewis & Bockius

10  5 Park Plaza, Suite 1750
    Irvine, CA 92614

11

12

13  [XX]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service

14  on that same day with postage fully prepaid at Encino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

15  cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17  [  ] (BY EMAIL) Based on an agreement by the parties, I caused the transmission of these documents by electronic transmission.

18

19  [XX]  (STATE) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

22  Dated: May 6, 2011

                                    LEVINE LAW GROUP, APC

23

24                                  BRIAN LEVINE

25

26

27

28

1

PROOF OF SERVICE

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ELISA CORTEZ, an individual.

**DEFENDANTS**
Best Buy Stores, L.P.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Elana R. Levine/ Brian Levine
LEVINE LAW GROUP, APC
15760 Ventura Boulevard, Ste. 2030, Encino, CA 91436; Tel. 818.990.3400

Attorneys (If Known)
BARBARA J. MILLER/ JENNIFER E. WHITE/ S. SEAN KUNDU
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614  TEL:  949.399.7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332(d) class action with complete diversity of citizenship between one or more members of the purported class and Defendant and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

### CV11-05053 JFW (PLAx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                   CIVIL COVER SHEET                   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant is informed and believes, and on that basis, alleges that Plaintiff is a resident of Los Angeles County. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant is informed and believes, and on that basis, alleges that the claims arose in Los Angeles County. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Jennifer White_____   Date June 15, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |