UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CORTEZ on behalf of herself and others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>BEST BUY STORES, L.P, et al.<br><br>Defendants. | Case No.: CV 11-5053 SJO (FFMx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT**<br><br>Complaint Filed: March 24, 2011<br>Trial Date: June 26, 2012 |

Based on the parties' Amended Stipulation to Entry of Protective Order, and good cause having been shown, IT IS HEREBY ORDERED as follows:

1. This Protective Order shall govern any designated record of information produced **in discovery** in this action, including all designated deposition testimony, ~~all designated testimony taken at a hearing or other proceeding~~, and designated documents (including emails produced by BEST BUY and computer and electronic files). **(FFM)**

**1A. Any order for protection of information revealed in connection with a trial, hearing or other court proceeding must be obtained from the judicial officer conducting the trial, hearing, or other proceeding. (FFM)**

///

2. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this litigation which contains trade secrets or other confidential technical, business, or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3. CONFIDENTIAL information or items shall mean any information that the designating party in good faith believes is properly protected under Fed.R.Civ.P. 26(c) and which is properly designated as "CONFIDENTIAL" according to the procedures set forth in Paragraph 2 of this Protective Order, including, but not limited to:

3.1. Proprietary, trade secret, or financial information. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. See Cal. Civil Code § 3426.1(d). Defendant further contends that such information includes confidential sales, marketing, and compensation information, and hiring and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22761970.1

2

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

training materials;

    3.2. Employee information. For purposes of this stipulation, "Employee Information" means information regarding Best Buy's current or former employees including home addresses, home and personal telephone numbers, social security numbers, drivers' license numbers, dates of birth, financial information, compensation, performance evaluations, personnel files, medical information, and all other employment records pursuant to California Civil Code 1985.6(a)(3).

    3.3. Information regarding BEST BUY's customers that is not public information.

    4. Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution, defense, or settlement of this action. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Protective Order are: (a) used only for the purposes specified herein; and (b) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

    5. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to **the Court and its personnel, (FFM)** counsel of record and their secretarial and legal assistants, and, on a need-to-know basis only and subject to Paragraph 6 of this Protective Order, to the parties, to employees of the parties, to witnesses, and to consultants and experts retained by the parties or their attorneys for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

DB2/ 22761970.1

1    6.   In no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than **the Court and its personnel, (FFM)** the parties' counsel and their secretarial and legal assistants pursuant to Paragraph 5 of this Protective Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceeding relating to enforcement of this Protective Order, in the form set forth in Exhibit A hereto.

7.   Documents and information designated CONFIDENTIAL shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; and (c) deposition testimony designated in accordance with Paragraph 8.

8.   Deposition transcripts, or portions thereof, may be designated as CONFIDENTIAL subject to this Protective Order either (1) before or immediately after the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter and all counsel of record, given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, counsel of record, the deponent, the parties (or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22761970.1

4    STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

9. ~~With respect to testimony elicited during hearings and other court proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL.~~ **(FFM)**

10. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

11. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

12. If a party wishes to file a document that has been designated confidential by another party, the submitting party must give the designating party five calendar days notice of intent to file. If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two court days. If the parties anticipate requesting the Court to file more than more than three documents under seal in connection with any motion, they shall identify all such documents that will be required to support and oppose the motion during the Local Rule 7-3 conference. The parties shall then meet and confer in order to determine if the documents satisfy the "compelling need" standard for "sealing" each document. Thereafter, the parties shall file a joint

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22761970.1

5

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

1  application and lodge a proposed order to file under seal all such documents with
2  the required showing as to each document.  The joint application shall be filed
3  promptly so that the Court may rule on the application before the filing date for the
4  motion.  The application must show good cause for the under seal filing.  The
5  application shall be directed to the judge to whom the papers are directed.  Pending
6  the ruling on the application, the papers or portions thereof subject to the sealing
7  application shall be lodged under seal.
8        If the Court grants an application to file documents under seal, the Court's
9  Courtesy Copies shall include a complete version of the documents with an
10  appropriate notation identifying the document or the portion of the document that
11  has been filed under seal.  At the conclusion of this case, any materials filed with
12  the Court under seal shall be kept under seal or be returned to the party filing it for
13  disposition as provided for in Paragraph 17.
14        13.  Any information or documents designated as CONFIDENTIAL, if
15  filed or lodged with the Court, shall be ~~filed~~ **submitted (FFM)** in accordance with
16  Central District of California Civil Local Rules 79-5.1 through 79-5.4.  The party
17  ~~filing~~ **submitting (FFM)** or lodging any document subject to this Protective Order
18  shall comply with Central District of California Civil Local Rule 79-5 et seq.
19        14.  Any party may mark any documents or information designated as
20  CONFIDENTIAL as an exhibit to a deposition, ~~hearing, or other proceeding~~ **(FFM)**
21  and examine any witness thereon, provided (i) the witness previously has executed
22  a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit
23  and related transcript pages receive the same type of confidentiality designation as
24  the original document, and (iii) there is reason to believe this witness has
25  knowledge or information to which such designated material is relevant.
26        15.  No party is precluded from applying to the Court for an Order
27  permitting the disclosure or use of information or documents otherwise covered by
28  this Protective Order, or from applying for an Order modifying this Protective

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22761970.1

6

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation (whether CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

16. With respect to any motions challenging a CONFIDENTIAL designation by either party, a party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly by phone or in person with counsel for the designating party pursuant to the procedures in Local Rule 37-1. In conferring, the challenging party must explain the basis for its belief that the CONFIDENTIAL designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first and has fully complied with the procedures set forth in Local Rule 37-1. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the CONFIDENTIAL designation pursuant to Local Rule 37-2. The non-moving party may oppose such motion. Until the Court rules on the motion, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

~~17. When offered in evidence at trial, information designated as CONFIDENTIAL will become available to the public, unless good cause is shown to the district judge in advance of the scheduled trial date to proceed otherwise. In order to permit a designating party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the designating party at least thirty (30) days prior to trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in~~

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

7

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

DB2/ 22761970.1

1  ~~camera or under other conditions to prevent unnecessary disclosure pursuant to~~
2  ~~applicable federal and local rules. The Court will determine whether the proffered~~
3  ~~evidence should continue to be treated as CONFIDENTIAL and, if so, what~~
4  ~~protection, if any, may be afforded to such materials or information at trial~~. **(FFM)**

18. Upon final termination of this action, including all appellate proceedings each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts, and summaries thereof, excluding any attorney work product. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record.

19. No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

20. This Protective Order may be amended and exceptions may be made only by written stipulation of the parties or by order of the Court for good cause shown on noticed motion. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

21. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**21A. If a non-designating party is subpoenaed or ordered to produce documents that have been designated CONFIDENTIAL by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order. It is the responsibility of the designating party to take whatever action it deems appropriate to challenging the**

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 22761970.1

8

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

1  **subpoena or order in the issuing court or agency.  The party receiving the**
2  **subpoena or order shall not produce any documents designated as**
3  **CONFIDENTIAL in advance of the date required by the subpoena or order.**
4  **Nothing herein shall be construed as relieving any party from its obligations**
5  **pursuant to any validly issued subpoena or order.  (FFM)**
6  IT IS SO ORDERED.
7
8  Date:  November 9, 2011
9
10              /S/ FREDERICK F. MUMM
               FREDERICK F. MUMM
11             United States Magistrate Judge

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22761970.1

9   STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CORTEZ on behalf of herself and others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>BEST BUY STORES, L.P;<br><br>Defendants. | Case No. 11CV-05053 JFW (PLAX)<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE**<br><br>Complaint Filed:  March 24, 2011<br>Trial Date:          June 26, 2012 |

I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order.  I recognize that I am bound by the terms of this Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of that Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

1

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, 2011, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22761970.1

2

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO. 11CV-05053 SJO (JCGX)